MARGARET R. PHIPPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96471.   Promulgated February 28, 1941.

*David A. Reed, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

## OPINION.

HARRON: The main question is whether for gift tax purposes the proper criterion for the valuation of the three policies irrevocably assigned by petitioner as gifts in the taxable year was the cost of duplicating the policies at the date of gift or the cash surrender value of the policies at such date. The question arises under section 506 of the Revenue Act of 1932, which provides that for gift tax purposes the amount of a gift made in property is "the value thereof at the date of the gift."

On her gift tax return for the taxable year each policy was returned by petitioner at a value which was more than the cash surrender value of the policy at the date of gift but less than the cost of purchasing a similar policy at such date. In the statement attached to the deficiency notice respondent determined that the value of each policy was the cost of purchasing a similar policy at the date of gift. Respondent made his determination in accordance with article 19 (9) of Regulations 79 (1936 Ed.).[1] In her petition petitioner alleges that

---

[1] Art 19 (9) *Life insurance * * * contracts.*—The value of a life insurance contract * * * is established through the sale of the particular contract by the company, or through the sale by the company of comparable contracts.

the value of each policy was the cash surrender value at the date of gift and that therefore she is entitled to a refund of gift taxes paid.

The Supreme Court has held recently that for gift tax purposes the proper criterion for the valuation of single premium life insurance policies irrevocably assigned as gifts is the cost of duplicating the policies, rather than the cash surrender value of the policies, at the dates of the gifts, *Guggenheim* v. *Rasquin*, 312 U. S. 254; *United States* v. *Ryerson*, 312 U. S. 260; *Powers* v. *Commissioner*, 312 U. S. 259; even where there has been a lapse of some years between the issuance and the assignment of the policies, *United States* v. *Ryerson, supra.* In *Guggenheim* v. *Rasquin, supra,* the rationale of these decisions is set forth in part as follows:

* * * But the owner of a fully paid life insurance policy has more than the mere right to surrender it; he has the right to retain it for its investment virtues and to receive the face amount of the policy upon the insured's death. * * * All of the economic benefits of a policy must be taken into consideration in determining its value for gift tax purposes. To single out one and to disregard the others is in effect to substitute a different property interest for the one which was the subject of the gift. * * * Presumptively the value of these policies at the date of the gift was the amount which the insured had expended to acquire them. Cost is cogent evidence of value. And here it is the only suggested criterion which reflects the value to the owner of the entire bundle of rights in a single-premium policy—the right to retain it as well as the right to surrender it.

In our opinion the proper criterion for the valuation of each of the three policies for gift tax purposes is the cost of duplicating each policy at the date of gift rather than the cash surrender value of each policy at such date. With respect to the single premium endowment policy, the three decisions of the Supreme Court are directly controlling. (No contention is made that the single premium endowment policy is not a policy of life insurance, and we think there can be no doubt on that point. See *Estate of William G. Thompson*, 41 B. T. A. 901, 906.) And with respect to the two annual premium ordinary life policies, the rationale of the three decisions of the Supreme Court compels the conclusion that the proper criterion for valuation is the cost of duplicating the policies at the date of gift, even though petitioner had paid only the first annual premiums on the policies. As in the case of the single premium policy, the assignees had "more than the mere right to surrender" the policies; they had the right to retain the policies for their "investment virtues" and to receive the face amounts of the policies upon the insured's death. Cf. *Guggenheim* v. *Rasquin, supra.* Under the policies, the assignees might enjoy these rights from the date of gift, March 9, 1937, until the expiration of the grace period for the payment of the next annual premiums, November 30, 1937, without the payment of any additional premiums, and thereafter they might continue to

enjoy these rights by the payment of the annual premiums as they came due. That cash surrender value at the date of gift is not the proper criterion for the valuation of the policies is shown graphically by the fact that the policies had no cash surrender value at the date of gift and would have none until the payment of three years' full premiums.[2] Cost of duplicating the policies at the date of gift is "cogent evidence of value", and, in the absence of more cogent evidence of value, cost "is the only suggested criterion which reflects the value" to the assignees of their "entire bundle of rights" in the two annual premium ordinary life policies. Cf. *Guggenheim* v. *Rasquin, supra; United States* v. *Ryerson, supra*. Therefore, respondent's determination that the value of the three policies at the date of gift was the cost of duplicating the policies at such date is sustained. *Guggenheim* v. *Rasquin, supra; United States* v. *Ryerson, supra; Powers* v. *Commissioner, supra*.

Respondent concedes that he made an error in the original computation of the deficiency. The parties have stipulated that if the Board's decision is in favor of respondent on the main question, the correct amount of the deficiency is $117.85.

> *Decision will be entered that there is a deficiency of $117.85.*

---

[2] In *Guggenheim* v. *Rasquin*, 110 Fed. (2d) 371; affd., 312 U. S. 254, the Circuit Court of Appeals, Second Circuit, made the following observation:

"* * * With policies on an annual premium basis, it is the general practice not to allow cash surrender value for the first two years. * * * It would hardly be urged, however, that a life insurance policy was worthless until the third year, or that the gift of a policy less than three years old was not subject to gift tax on the ground that the property given had no value. Yet that would be the result if cash surrender value were the determining factor under the gift tax law."