*429 OPINION.
Van Fossan :
The question for determination is the value for purposes of section 506 of the Revenue Act of 1932, relating to gift tax, of the insurance policies which James H. Lockhart transferred in 1935. The cited section reads: “If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift.”
Petitioner included the policies in his gift tax return at the cash surrender value, according to his computation. Respondent valued the policies in accordance with article 19 (9) of Regulations 79, thereby increasing the valuation.
In Guggenheim v. Rasquin, 312 U. S. 254, the Supreme Court rejected cash surrender value as a measure of value of a single premium policy. Cost was used as the measure of value in that case. In Powers v. Helvering, 312 U. S. 259, and United States v. Ryerson, 312 U. S. 260, decided the same day as the Guggenheim, case the Court adopted replacement cost as the proper criterion of value of single premium *430 insurance policies for gift tax purposes. The doctrine of those cases was expanded by the Circuit Court of Appeals for the Third Circuit in Houston v. Commissioner, 124 Fed. (2d) 518, to cover a gift of 20-payment life policies which were fully paid up. Finally, in Margaret R. Phipps, 48 B. T. A. 790, this Board applied the rationale of the Supreme Court cases and held with respect to policies which are not paid up at the time of the gift that the' cost of duplicating the policies is the proper criterion of value.
Petitioner has not contested the accuracy of respondent’s computation under article 19 (9) of Regulations 79 (1936 Edition). It appearing that such computations are in accordance with rules of valuation laid down in the above cited cases, the action of the respondent is affirmed.

Decision will be entered for the respondent.