Estate of William W. Paddock, Deceased, Howard C. Connor, Administrator De Bonis Non v. Commissioner.
Estate of Paddock v. Commissioner
Docket No. 83166.
United States Tax Court
T.C. Memo 1961-258; 1961 Tax Ct. Memo LEXIS 89; 20 T.C.M. (CCH) 1350; T.C.M. (RIA) 61258; September 15, 1961
Howard C. Connor (administrator), for the petitioner. Lawrence A. Wright, Esq., for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent determined a deficiency in the estate tax liability of petitioner in the amount of $2,251.98. The only issue for decision is whether a widow's allowance awarded to decedent's widow under Massachusetts law qualifies for the marital deduction under section 2056 of the Internal Revenue Code of 1954. All the facts were stipulated and are found as stipulated. William W. Paddock died intestate on January 20, 1957, a resident of Boston, Massachusetts. *90 Decedent was survived by his widow, Beulah M. Paddock, and a son Albert W. Paddock. Albert W. Paddock was appointed administrator of the estate of William W. Paddock by the Probate Court for Suffolk County, Massachusetts, on February 18, 1957. Subsequent to the filing of the petition in this case, Albert died and Howard C. Connor was appointed administrator de bonis non of the estate. A Federal estate tax return was filed for the estate with the district director of internal revenue at Boston, Massachusetts. Beulah M. Paddock petitioned the Probate Court for Suffolk County, Massachusetts, for a widow's allowance under Mass. Gen. Laws, ch. 196, sec. 2 (1932). [1]
By decree dated May 29, 1957, the Probate Court, pursuant to the provisions of the Massachusetts General Laws, decreed that Beulah M. Paddock, being the widow of William W. Paddock, was entitled to an allowance, and further decreed that the "rersonal estate of said deceased to the *91 amount of TWENTY-FIVE THOUSAND dollars is hereby allowed to her as necessaries for herself, in addition to the provisions and other articles by law belonging to her." A deduction was claimed as part of the "marital deduction" on Schedule M of the estate tax return for the $25,000 widow's allowance. Respondent disallowed $17,299.09 of the $25,000 claimed, and allowed $7,700.91 in recomputing the marital deduction. (See Rev. Rul. 56-26, 1956-1 C.B. 447.) The only issue for decision in this case is the same as the issue decided by this Court in the Estate of Michael G. Rudnick, 36 T.C. - (decided this day), which also involved the deductibility of a widow's allowance awarded under Massachusetts law, except that in this case there were no minor children involved. The same arguments were presented by the parties in this case as were presented by the parties in the Rudnick case. On the authority of, and for the reasons stated in our Opinion in Estate of Michael G. Rudnick, supra, we conclude that the widow's allowance of $25,000 awarded to Beulah M. Paddock was not a terminable interest and qualifies for the marital deduction under section 2056 of the 1954 Code. For *92 the first time in the concluding paragraph of its brief, petitioner asks for a redetermination under Rule 50 to provide an additional deduction for petitioner's reasonable expenses in these proceedings. Respondent objects to the allowance of any such deduction. Rule 50, Tax Court Rules of Practice, concerns itself only with computations which reflect the decision of the Court on the issues before it. Rule 51 provides that if the parties in an estate tax case cannot agree under Rule 50 upon a deduction involving expenses incurred at or after trial, petitioner may move to reopen the case for further trial on that issue "provided it is raised in the petition or by amendment thereto." (Italics supplied.) There having been no issue with respect to such an additional deduction raised in any of the pleadings, and no evidence having been submitted with respect thereto, the Court will not consider this request at this time. Lynne Gregg, 18 T.C. 291 (1953), affirmed per curiam, 203 F. 2d 954 (C.A. 3, 1953). However, because of other uncontested adjustments made by respondent in computing the taxable estate, Decision will be entered under Rule 50. Footnotes
1. It is stipulated that Albert W. Paddock, administrator, petitioned the Probate Court for the widow's allowance, but the decree of the Probate Court, stipulated as an exhibit, indicates that the petition was filed by Beulah M. Paddock.↩