T.C. Memo. 2002-249


UNITED STATES TAX COURT


RUTH FERRARESE, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11406-00.           Filed September 30, 2002.


Ruth Ferrarese, pro se.

Vivian Rodriguez, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined that petitioner is not entitled to relief from joint liability for tax under section 6015(f) for 1983.  Petitioner filed a petition under section 6015(e)(1) seeking review of respondent's determination.  We hold that petitioner is entitled to equitable relief from joint liability for tax for 1983 under section 6015(f).

Section references are to the Internal Revenue Code in effect for the applicable years.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner resided in Coral Springs, Florida, when she filed her petition. Since October 19, 1952, petitioner has been married to Albert Ferrarese (Ferrarese).

Petitioner's and Ferrarese's checking account balance was $119.76 on June 22, 2000, $782.53 on July 20, 2000, $315.84 on August 22, 2000, and $140.78 on September 20, 2000. At the time of trial, petitioner was 68, Ferrarese was 77 and was suffering from congestive heart failure, and their only sources of income were monthly Social Security payments of about $430 to petitioner and $1,110 to Ferrarese. At that time petitioner's and Ferrarese's expenses exceeded their income, and petitioner's and Ferrarese's children were providing money to them to pay some of their living expenses. At the time of trial, petitioner and Ferrarese owned a 1998 Ford Taurus and lived in a condominium in Florida owned solely by petitioner, the assessed value of which for county real property tax purposes was between $40,000 and $50,000.

B.   Prior Tax Court Case

Ferrarese embezzled money from his company from 1975 to 1983.  He embezzled $392,468 in 1983.  Petitioner learned about the embezzlement when Ferrarese told her about it in January 1984 when he was fired from his job because his embezzlement was discovered.

Petitioner agreed in April 1984 to let Ferrarese sign the 1983 return for her, and Ferrarese did so.  Respondent determined deficiencies in petitioner's and Ferrarese's income tax for 1981, 1982, and 1983 based on their failure to report the embezzlement income.

Petitioner used the proceeds from the sale in 1985 of a house owned jointly by her and Ferrarese in Massapequa, New York, to buy a house in Merrick, New York.  She owned the Merrick house solely in her name.  She sold the Merrick house and used the proceeds to buy the Florida condominium that she owned at the time of trial.  Petitioner paid $52,000 in 1988 for the condominium.

In Ferrarese v. Commissioner, T.C. Memo. 1993-404 (Ferrarese I), affd. 43 F.3d 679 (11th Cir. 1994),[1] we held that petitioner was entitled to relief from joint liability under section 6013(e) for 1981 and 1982.  In that opinion, we concluded that she filed

---

[1]  The parties agreed to be bound by the findings of fact in that case.

joint returns for those years, she did not know or have reason to know of the embezzled funds or of the understatements for 1981 or 1982, she did not significantly benefit from the embezzled funds omitted from income in 1981 and 1982, and it would have been inequitable to hold her liable for the 1981 and 1982 deficiencies. Petitioner's standard of living was the same in 1983 as it was in 1981 and 1982, and she has never received any significant benefit from the embezzlement. However, we held in Ferrarese I that she was not entitled to relief from joint liability for 1983 because she knew or had reason to know of the understatement for 1983 before her husband (with her permission) signed her name to their 1983 return.

C. Petitioner's Request for Relief From Joint Liability for Tax Under Section 6015

On February 19, 2000, petitioner filed Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), in which she sought relief from joint and several liability for 1983. Respondent denied petitioner's request by determination letter dated October 10, 2000. Respondent's only stated reason for denying relief to petitioner was:

> Your request for Relief from Joint and Several Liability has been disallowed because information contained in your case indicates that you had knowledge and reason to know of the items that gave rise to the tax deficiency. Therefore, your claim is being denied under Internal Revenue Code Section 6013(e), 6015(b), 6015(c) and 6015(f).

OPINION

A.   Positions of the Parties

Respondent determined that petitioner is not entitled to relief from joint liability under section 6015(b), (c), and (f). Petitioner contends that respondent's determination that petitioner does not qualify for relief under section 6015(f) was an abuse of discretion.  We agree with petitioner.

To prevail, petitioner must show that respondent's denial of equitable relief from joint liability under section 6015(f) was an abuse of discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. 276, 292 (2000).

B.   Relevance of All the Facts and Circumstances to the
     Commissioner's Determination Under Section 6015(f)

Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
>> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
>> (2) relief is not available to such individual under subsection (b) or (c),
>
> the Secretary may relieve such individual of such liability.  [Emphasis added.]

The Commissioner has announced a list of factors in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448, that the Commissioner will consider in deciding whether to grant equitable relief under section 6015(f). Rev. Proc. 2000-15, supra, lists two factors that the Commissioner will consider only in favor of granting relief: (1) Whether the taxpayer is separated or divorced from the nonrequesting spouse; and (2) whether the taxpayer was abused by his or her spouse. Rev. Proc. 2000-15, supra, lists two factors which the Secretary will consider only against granting relief: (3) Whether the taxpayer received significant benefit from the item giving rise to the deficiency; and (4) whether the taxpayer has made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates. Rev. Proc. 2000-15, supra, lists four factors the Secretary will consider for or against granting relief: (5) Whether the taxpayer would suffer economic hardship if relief is denied; (6) whether the taxpayer knew or had reason to know of the item giving rise to the deficiency; (7) whether the deficiency is attributable to the nonrequesting spouse; and (8) whether either spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability. Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448-449. Rev. Proc. 2000-15, sec. 4.03, supra, also states:

No single factor will be determinative of whether equitable relief will or will not be granted in any particular case. Rather, all factors will be considered and weighed appropriately. The list is not intended to be exhaustive.

In deciding whether respondent's determination that petitioner is not entitled to relief under section 6015(f) was an abuse of discretion, we will consider evidence relating to all the facts and circumstances.

C. Whether Petitioner Is Entitled to Equitable Relief

Respondent concedes that the deficiency is attributable to Ferrarese. Petitioner concedes that the marital status and spousal abuse factors do not favor her, and that the knowledge or reason to know factor favors respondent. The parties agree that the legal obligation factor does not apply because petitioner and Ferrarese are not divorced. As discussed next, we conclude that the disputed factors all favor petitioner.

1. Economic Hardship

Respondent contends that petitioner offered no evidence that she would suffer economic hardship if relief is denied. We disagree. Petitioner testified that her only source of income was Social Security, that she could barely pay her bills, that she and Ferrarese must borrow from their children to pay expenses, and that she would have to sell her condominium if she were denied relief under section 6015(f). Respondent did not

cross-examine petitioner on these points and offered no evidence to contradict petitioner's testimony.

Respondent contends that petitioner has not shown that she would suffer economic hardship if relief from liability is denied because her hardship is hypothetical. Respondent relies on Von Kalinowski v. Commissioner, T.C. Memo. 2001-21, for the proposition that section 6015(b) requires the taxpayer to show that the imposition of joint and several liability is inequitable in terms of the present and not in terms of a future hypothetical situation. Respondent's reliance on Von Kalinowski is misplaced. In Von Kalinowski, the taxpayer's hardship was contingent on her wealthy husband's not paying the deficiencies during his lifetime and his dying and disinheriting her. We concluded that the taxpayer's situation was not a hardship for purposes of section 6015(b). In contrast, petitioner has shown that she will suffer economic hardship if she is held liable for the 1983 deficiency. Thus, we reject respondent's reliance on Von Kalinowski.

Respondent further contends that petitioner will not suffer economic hardship if relief is denied because she and Ferrarese share a bank account and a credit card and function as a single economic unit. Respondent also contends that the deficiency will be satisfied from that bank account whether or not petitioner is denied relief from joint and several liability. We disagree because the only evidence in the record about petitioner's joint

checking account shows that it contains enough to pay only a tiny fraction of the deficiency for 1983.

Respondent contends that petitioner will not suffer economic hardship if relief is denied because her children and family pay some of her and Ferrarese's living expenses. Respondent apparently assumes that petitioner's children would pay the 1983 taxes, and that, as a result, petitioner would suffer no hardship if held jointly liable for those taxes. We disagree. First, there is no evidence that petitioner's children would or could pay the 1983 taxes; second, we believe it would be a hardship to compel petitioner to ask her children to do so. We conclude that petitioner will suffer economic hardship if she is not relieved of joint liability.

### 2. Significant Benefit

Respondent contends that petitioner significantly benefited from the embezzlement income omitted from petitioner's and Ferrarese's return for 1983. We disagree. In Ferrarese I, we found that petitioner's expenditures during 1981-83 were neither unusual nor lavish and did not suggest that petitioner significantly benefited from the embezzlement income. Petitioner's testimony in this case was consistent with our findings in her prior case, and respondent did not cross-examine petitioner or offer contrary evidence. We conclude that

petitioner did not significantly benefit from the embezzlement income.

As stated above, Rev. Proc. 2000-15, supra, states that the significant benefit factor can only favor respondent.  In contrast, in cases decided under section 6013(e) in which the spouse seeking relief did not significantly benefit from the omitted income or erroneous deductions attributable to the other spouse, the fact that the taxpayer did not significantly benefit weighed in favor of granting relief.  See, e.g., Belk v. Commissioner, 93 T.C. 434, 440-441 (1989); Foley v. Commissioner, T.C. Memo. 1995-16; Robinson v. Commissioner, T.C. Memo. 1994-557; Klimenko v. Commissioner, T.C. Memo. 1993-340; Hillman v.

Commissioner, T.C. Memo. 1993-151.[2]  We conclude that this factor favors petitioner.

### 3.  Compliance With Tax Laws

Respondent first contends in respondent's posttrial brief that petitioner is not in compliance with Federal income tax laws and that this weighs against relief.  Rev. Proc. 2000-15, sec. 4.03(2)(e), 2000-1 C.B. at 449.  Respondent also first alleges on brief that petitioner is in arrears on her tax obligations for 1983 because she failed to make $100 monthly payments for December 1997; February, June, July, August, and December 1998; February, March, April, September, October, and December 1999; and January, February, March, April, May, June, and July 2000.

---

[2]  Cases deciding whether a taxpayer was entitled to equitable relief under sec. 6013(e)(1)(D) are helpful in deciding whether a taxpayer is entitled to relief under sec. 6015(f). Mitchell v. Commissioner, 292 F.3d 800, 806 (D.C. Cir. 2002) ("Subsection (f) has no statutory antecedent as a stand alone provision, but has roots in the equity test of former subparagraph 6013(e)(1)(D) carried forward into subparagraph 6015(b)(1)(D)."), affg. T.C. Memo. 2000-332.  In Cheshire v. Commissioner, 282 F.3d 326, 338 n.29 (5th Cir. 2002), affg. 115 T.C. 183 (2000), the U.S. Court of Appeals for the Fifth Circuit said:

> Because the wording of § 6015(f)(1) is virtually identical to that of former § 6013(e)(1)(D), case law construing former § 6013(e)(1)(D) is helpful in determining whether the Commissioner abused his discretion in denying equitable relief to Appellant under current § 6015(f)(1).  See Butler, 114 T.C. at 291 (applying the § 6013(e)(1)(D) standard to a § 6015(f) inquiry because 'the language of sec. 6015(f)(1) does not differ significantly from the language of former sec. 6013(e)(1)(D)').

Petitioner testified that she has made a good faith effort to comply with Federal tax laws. Respondent did not cross-examine petitioner on this point and offered no contrary evidence. Petitioner attached to her reply brief 18 original canceled checks for $100, payable to the Internal Revenue Service, for each of the months for which respondent claims she is in arrears.[3] Respondent concedes that petitioner is not late or in arrears on any tax obligations other than the 1983 tax liability. We do not consider respondent's posttrial factual allegations because petitioner did not have the opportunity to dispute them at trial.

D.   Conclusion

Respondent points out that petitioner knew or had reason to know of Ferrarese's embezzlement before he signed her name to their 1983 return. However, we believe respondent did not give adequate weight to other important factors. Petitioner will suffer economic hardship if relief is not granted, the embezzlement income was solely attributable to Ferrarese, she did not significantly benefit from the embezzlement income, and she has complied with Federal tax laws since 1983. We conclude that respondent's denial of relief under section 6015(f) was an abuse of discretion and that, on the basis of all the facts and

---

[3] Petitioner also sent a payment for December 1999 but did not attach the canceled check because respondent did not cash it.

circumstances, it would be inequitable to hold petitioner liable for the 1983 deficiency.  See <u>Belk v. Commissioner</u>, <u>supra</u>; <u>Foley v. Commissioner</u>, <u>supra</u>; <u>Robinson v. Commissioner</u>, <u>supra</u>; <u>Klimenko v. Commissioner</u>, <u>supra</u>; <u>Hillman v. Commissioner</u>, <u>supra</u>.

For the foregoing reasons,

<u>Decision will be</u>

<u>entered for petitioner</u>.