UNITED STATES *v.* RYERSON ET AL., EXECUTORS.

No. 494. Argued January 7, 1941.—Decided February 3, 1941.

*Mr. J. Louis Monarch,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Edward First* were on the brief, for the United States.

*Mr. William N. Haddad,* with whom ·*Mr. Walter T. Fisher* was on the brief, for respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The question here is the same as that in *Guggenheim* v. *Rasquin, ante,* p. 254. Consequently the decision of the Circuit Court of Appeals holding that cash-surrender value on the dates of the gifts was the proper method of valuing single-premium life insurance policies for gift-tax purposes (114 F. 2d 150) must be reversed, unless the elapse of time between the issuance of the policies and the making of the gifts calls for a different result. The single-premium policies here involved were taken out by the insured in 1928 and 1929. They were assigned as gifts in December, 1934, when the insured was 79 years old. The cost of the policies was less than their cash-surrender value at the dates of the gifts. But the cost of replacing the policies at the then age of the insured would have been in excess of their cash-surrender value. We think that such cost of replacement, as held by the District Court, is the best available criterion of the value of the policies for the purposes of the gift tax. The elapse of time between issuance and assignment of the policies does not justify the substitution of cash-surrender value for replacement cost as the criterion of value. We cannot assume with respondents that at the dates of the gifts the policies presumably had no insurance, as distinguished from investment, value to the donor. Here, as in the case where the issuance of the policies and their assignment as gifts are simultaneous, cash-surrender value reflects only a part of the value of the contracts. The cost of duplicating the policies at the dates of the gifts is, in absence of more cogent evidence, the one criterion which reflects both their insurance and investment value to the owner at that time. Cf. Vance on

Insurance (2d ed.) pp. 332–333; *Speer* v. *Phoenix Mutual Life Ins. Co.*, 36 Hun 322. The fact that the then condition of an insured's health might make him uninsurable emphasizes the conclusion that the use of that criterion will result in placing a minimum value upon such a gift.

*Reversed.*