T.C. Memo. 2003-174


UNITED STATES TAX COURT


DONNA M. ORSINO, Petitioner, and PAUL R. ORSINO, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6313-01.                    Filed June 12, 2003.


Donna M. Orsino, pro se.

<u>Lorianne D. Masano</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated March 2, 2001, respondent

determined a $4,300 deficiency relating to petitioner and her

former spouse's 1998 tax year.  The issue for decision is whether

petitioner is entitled to relief from joint and several liability pursuant to section 6015(b), (c), or (f).[1]

### FINDINGS OF FACT

Petitioner, a legal secretary and high school graduate, and Mr. Orsino, who has a degree in bioengineering, married on September 1, 1968. During their marriage, petitioner was responsible for balancing their joint checking account and paying the monthly bills, and Mr. Orsino was responsible for filing all of their Federal tax returns.

Mr. Orsino worked for Betz Dearborne as a water treatment specialist for several years prior to, and during, 1998. He quit his job at Betz Dearborne in April or May 1998, but continued as a consultant for 4 weeks. Mr. Orsino also performed water treatment services for National Engineering & Repair Corp. (National Engineering) in May and June of 1998 and deposited compensation received from both companies in the joint checking account. Petitioner was aware that Mr. Orsino performed services for both Betz Dearborne and National Engineering.

Petitioner and Mr. Orsino separated sometime in July of 1998. Shortly before their separation, Mr. Orsino's mother provided Mr. Orsino with a $6,000 savings bond, which Mr. Orsino

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

redeemed and used the proceeds therefrom to purchase a truck. Petitioner knew that Mr. Orsino received funds from his mother, but did not know that Mr. Orsino's mother gave him a savings bond or that he held title to the bond. Petitioner did not benefit from the proceeds of the savings bond.

Shortly after their separation, Mr. Orsino told petitioner that he withdrew all of his 401(k) retirement funds. He did not deposit any amounts withdrawn from his 401(k) accounts into the joint checking account. Mr. Orsino had not yet reached 59-½ years of age and was not disabled.

On April 14, 1999, Mr. Orsino delivered to petitioner, for her signature, their joint return relating to 1998. Mr. Orsino placed all attachments (i.e., Forms W-2, Wage and Tax Statement, and Forms 1099-MISC, Miscellaneous Income) to their joint return in a sealed envelope, which he instructed her not to open. The funds withdrawn from the 401(k) accounts were reported on the joint return. Petitioner asked whether the correct amount of taxes relating to the 401(k) withdrawal were withheld, and Mr. Orsino assured her that they were. Petitioner did not open the sealed envelope containing the attachments, signed the joint return, and mailed the return to respondent.

Petitioner and Mr. Orsino divorced on November 1, 1999. Their marital settlement agreement states: "In the event there are other debts or obligations that can be deemed to be joint

obligations which have not been addressed, that party who incurred the debt or obligation shall be responsible for payment thereof." The agreement required that Mr. Orsino pay petitioner $400, monthly, until she recovers the portion of the 401(k) accounts to which she was entitled.

Respondent determined that petitioner and Mr. Orsino were subject to a $2,760 penalty relating to early withdrawal of funds from Mr. Orsino's 401(k) accounts and failed to report $1,076 of savings bond interest and $5,100 of nonemployee compensation.

On July 5, 2001, respondent notified Mr. Orsino of petitioner's claim for section 6015 relief. On July 30, 2001, this Court filed Mr. Orsino's notice of intervention, in which he contends that petitioner was fully aware of their joint income, benefited from such income, freely signed their joint returns, and benefited from the tax refunds they received. On August 30, 2001, the Court denied a motion by petitioner to dismiss Mr. Orsino's notice of intervention.

Petitioner resided in Sarasota, Florida, when her petition was filed.

                              OPINION

Respondent contends that petitioner is not entitled to section 6015 relief because she had actual knowledge of each item that gave rise to the deficiency (i.e., compensation, 401(k)

withdrawal, and savings bond interest), and it would not be inequitable to hold her liable for the tax.

In limited situations, taxpayers filing joint Federal income tax returns may be relieved of joint liability pursuant to section 6015. Petitioner is not entitled to relief under section 6015(b) if she had reason to know of the items of income. Sec. 6015(b)(1)(C). Similarly, petitioner is not entitled to relief under section 6015(c) if she had actual knowledge of the item giving rise to the omitted income. Sec. 6015(c)(3)(C); Cheshire v. Commissioner, 115 T.C. 183, 197 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

We agree with respondent that petitioner had actual knowledge of Mr. Orsino's compensation relating to Betz Dearborne and National Engineering and his 401(k) withdrawal. Accordingly, with respect to Mr. Orsino's compensation and 401(k) withdrawal, petitioner is not entitled to relief pursuant to section 6015(b) or (c).

Petitioner, however, did not have clear awareness of the interest income relating to the savings bond. Cf. Cheshire v. Commissioner, supra at 197 (holding that knowledge of her husband's pension withdrawal disqualified the taxpayer from section 6015 relief even though the taxpayer did not know the tax consequences of the transaction). Petitioner was led to believe that Mr. Orsino received a cash gift from his mother. She did

not know Mr. Orsino received from his mother a bond to which he held title. Petitioner had no awareness of the bond's existence and, thus, could not have actual knowledge of interest from the bond. Petitioner's contention that she did not have clear awareness of the item of income relies not on ignorance of the law, but on ignorance of a material fact. See id. Accordingly, pursuant to section 6015(c), petitioner is relieved of liability for the tax deficiency attributable to interest from the savings bond.

Pursuant to section 6015(f), respondent is granted discretion to award relief from joint and several liability if the facts and circumstances indicate that it would be inequitable to hold the spouse seeking relief liable for the deficiency. We conclude that it would not be inequitable to hold petitioner liable for the deficiency attributable to Mr. Orsino's compensation and 401(k) withdrawal. Petitioner knew of the omitted income and 401(k) withdrawal, did not establish economic hardship, and benefited significantly from the omitted compensation (i.e., funds were deposited into a joint account) and 401(k) withdrawal (i.e., petitioner is currently receiving $400 monthly payments as her share of the 401(k) withdrawal). See Rev. Proc. 2000-15, 2000-1 C.B. 447. In addition, both Mr. Orsino and petitioner incurred the tax debt. Therefore, the marital settlement agreement does not shift all of the liability

to Mr. Orsino.  Accordingly, respondent's denial of relief pursuant to section 6015(f) was not an abuse of discretion.  See Butler v. Commissioner, 114 T.C. 276 (2000).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.