T.C. Summary Opinion 2003-114

UNITED STATES TAX COURT

MARIE-FRANCINE T. GROW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2913-02S.                    Filed August 19, 2003.

Marie-Francine T. Grow, pro se.

Lorianne D. Masano, for respondent.


POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency and an accuracy-related penalty under section 6662(a) in petitioner's 1998 Federal income tax of $4,247 and $849.40, respectively.  The issues are (1) whether petitioner is entitled to deductions on Schedule C, Profit or Loss From Business, for expenses of $21,442, (2) whether income shown on the Schedule C is understated by $1,597, (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a), and (4) whether petitioner is entitled to relief as an innocent spouse under section 6015.  Petitioner resided in Lady Lake, Florida, at the time the petition was filed.

## Background

The facts may be summarized as follows.  Petitioner was divorced in December 1999.  For the taxable year 1998, petitioner and her former husband filed a joint Federal income tax return.  On Schedule C of that return, they reported income of $3,571 and deductions of $21,442 from a photography equipment rental business.  The deductions claimed consisted of:

| | |
|---|---|
| Car and truck expenses | $13,471 |
| Depreciation | 3,441 |
| Legal and professional services | 175 |
| Office expense | 41 |
| Supplies | 1,028 |
| Utilities | 573 |
| Computer upgrade | 1,028 |
| Telephone | 182 |
| Work tools | 321 |
| Postage | 118 |
| Travel expenses | 1,064 |

As we understand, the business consisted of renting photographic and audiovisual equipment primarily for conventions. This aspect of the Schedule C business concerned the activities of petitioner's former husband. The former husband was employed by Multi-Media Unlimited, which apparently was a similar business, and High Definition Digital, the nature of which is not defined in the record. The former husband owned a Jeep automobile that he used in his employment, for commuting, and in his Schedule C activity. At trial, petitioner could not produce any record or log as to his use of the Jeep.

The Schedule C also included a second business described as "public data research". This activity was conducted by petitioner. Petitioner performed one research project in this activity during 1998 and was not paid for that project.

The 1998 Federal income tax return was prepared by a certified public accountant using copies and summaries of records compiled by petitioner. Respondent disallowed the Schedule C deductions for failure to substantiate and increased the Schedule C income based on income of the former husband reported by third parties on Forms 1099-MISC, Miscellaneous Income. Petitioner's former husband did not file a petition with this Court and, although notified of petitioner's claim for relief from liability as an innocent spouse, he did not seek to intervene in these proceedings. When petitioner and her former husband divorced the

records pertaining to the Schedule C activities remained with the former husband. Petitioner attempted unsuccessfully to obtain those records.

The revenue agent who conducted the audit determined that petitioner was entitled to relief as an innocent spouse under section 6015(f). That determination was overruled on review. The reviewer decided that she had knowledge of the understatement and had not established any hardship. The Appeals Officer adopted that recommendation.

Discussion

Schedule C Deductions

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Section 274(d), however, provides that no deduction is allowed for certain expenses unless the taxpayer "substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement", inter alia, the time and place of the travel and the business purpose of an expense. The deductions that fall within section 274(d) include travel expenses, sec. 274(d)(1), and deductions "with respect to any listed property (as defined in section 280F(d)(4)", sec. 274(d)(4). Included within the ambit of "listed property" are passenger automobiles and "computer or peripheral equipment". Sec. 280F(d)(4)(A). There is an exception for computers and peripheral equipment used

exclusively at a regular business establishment.  A portion of a dwelling may be treated as a regular business establishment if it meets the requirement of section 280A(c)(1).  Under the latter provision the portion of the dwelling must be used "exclusively * * * on a regular basis--(A) as the principal place of business for any trade or business of the taxpayer".  Sec. 280A(c)(1)(A). Similarly, section 280A(a) prohibits any deduction "with respect to the use of a dwelling unit which is used by the taxpayer * * * as a residence."  This is the same exception that is contained in section 280A(c)(1)(A).

Petitioner's former husband has possession of the business records, and petitioner was not successful in getting the records from him.  Accordingly, she presented no evidence concerning the deduction claimed for travel expenses; therefore, no deduction is allowable.  Furthermore, as we understand, the computers and computer equipment involved here were used in petitioner's dwelling, and there is no evidence in the record that any part of the dwelling was used exclusively for business.  Respondent's disallowance of these deductions is sustained.  Similarly, deductions for expenses related to the dwelling are not allowable.  There is no evidence pertaining to the remaining deductions, and the deductions claimed with regard to these items cannot be allowed.

Unreported Income

Respondent's determination of additional Schedule C income of $1,597 is based on third-party information submitted on Forms 1099-MISC. Petitioner does not dispute that her former husband may have received the income reported. We sustain respondent's determination with respect to this issue.

Penalty Under Section 6662(a)

Relevant here, section 6662(a) imposes a penalty in the amount of 20 percent of the underpayment due, inter alia, to negligence or to a substantial understatement of tax. Neither in the notice of deficiency nor at trial did respondent specify which ground applied here. We do not find that the negligence penalty is appropriate here with regard to this petitioner, and therefore, we focus on whether there was a substantial understatement. A substantial understatement is defined, inter alia, as an understatement of tax that exceeds 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1)(A)(i). The understatement here exceeds 10 percent of the tax required to be shown on the return. See sec. 6662(d)(2). Petitioner has not shown that any of the circumstances contained in section 6662(d)(2)(B) apply.

Innocent Spouse Relief

A requesting spouse may elect relief from joint and several liability under section 6015. There are three types of relief

available:  (1) Section 6015(b)(1) provides full relief from joint and several liability; (2) section 6015(c) provides separate tax liability available to divorced or separated taxpayers; and (3) section 6015(f) provides equitable relief from joint and several liability in certain circumstances if section 6015(b) and (c) are unavailable.  For our purposes here we are willing to assume that petitioner is not eligible for relief under either section 6015(b) or (c).  We then turn to section 6015(f).

Section 6015(f) provides:

> SEC. 6015(f).  Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> (1)  taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
> (2)  relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

To prevail, petitioner must show that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. 276, 292 (2000).  As directed by section 6015(f), respondent prescribed procedures to use in determining whether the requesting spouse qualifies for relief under section 6015(f).

Those procedures are found in Rev. Proc. 2000-15, 2000-1 C.B. 447.[2] The revenue procedure includes a partial list of the positive and negative factors to be considered, including whether the requesting spouse is divorced, whether the requesting spouse would suffer undue economic hardship, whether the requesting spouse "had no reason to know of the items giving rise to the deficiency", and whether the requesting spouse significantly benefited from the items giving rise to the deficiency. See Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448-449. We are at a loss to explain respondent's comment that petitioner has not shown undue economic hardship. In a Statement of Disagreement as to respondent's denial of innocent spouse relief petitioner stated that she suffered from fibromyalgia and could not work, she had to live at a friend's house because she could not afford her own home, her former husband is not paying alimony as required by the divorce decree, and she did not make "ends meet." This statement has not been questioned by respondent. It seems that respondent was exclusively focused on whether she knew or had reason to know of the items that gave rise to the deficiency. But, even if we assume that she did, "No single factor will be determinative of whether equitable relief will or will not be granted in any particular case. Rather all factors

---

[2] Rev. Proc. 2000-15, sec. 3, 2000-1 C.B. 447, 448, is applicable for any liability for tax arising on or before July 22, 1998, that was unpaid on that date.

will be considered and weighed appropriately." Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448.

Finally, we would be hard pressed to find that petitioner derived a significant benefit from the items that gave rise to the deficiency. The loss from the Schedule C was used to offset the former husband's income and not petitioner's income.

In sum, we find that all factors considered support the conclusion that petitioner is entitled to relief under section 6015(f) and that respondent's denial of relief was an abuse of discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner.</u>