T.C. Summary Opinion 2003-116

UNITED STATES TAX COURT

SHIRLEY WESTERHUIS, Petitioner, AND
WILLIAM R. TIPPING, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9568-02S.              Filed August 20, 2003.

Shirley Westerhuis, pro se.

William R. Tipping, pro se.

<u>J. Michael Melvin</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

entered is not reviewable by any other court, and this opinion should not be cited as authority.

This is a so-called stand alone innocent spouse case arising under section 6015(f). Petitioner applied for relief from joint tax liability for the 1997 taxable year. Respondent determined that petitioner was not entitled to such relief. Petitioner filed a timely petition under section 6015(e). Intervenor, petitioner's former husband, filed a Notice of Intervention under Rule 325(b) and opposes such relief. The issue is whether respondent's denial of relief under section 6015(f) was an abuse of discretion. Petitioner resided in Cocoa, Florida, at the time the petition was filed.

## Background

The facts may be summarized as follows. During 1997, petitioner and intervenor were married. Petitioner was employed by Ameripath Florida, Inc., and had wage income of $41,823.25 during 1997. Intervenor lost his job in early 1997, and in August 1997 he decided to return to school for further education. He also took a part-time job at Sea World of Florida, Inc., earning approximately $7 per hour. In order to help pay their living expenses and accumulated debts, intervenor withdrew $14,363 from an individual retirement account (IRA).

Petitioner and intervenor were divorced in January 1998. For the taxable year 1997, petitioner and intervenor filed a

joint Federal income tax return. They reported on that return the IRA disbursement of $14,363. In computing the tax due they included the early distribution additional tax under section 72(t). The return showed that they owed $2,979. That amount was not paid when the return was filed.

At the time of the divorce petitioner and intervenor owned a residence. Originally the residence was to be sold, and each was to receive half of the proceeds. Subsequently, the residence was ordered deeded to petitioner, and petitioner was ordered to "continue to pay the joint debts". Petitioner was represented by an attorney during these proceedings. The house was eventually sold in 2000, and petitioner received approximately $20,000.

Petitioner filed individual 1998 and 1999 Federal income tax returns. Each return showed that she was due a refund. Respondent applied these overpayments to the amount not paid on the 1997 tax liability.

## Discussion

A requesting spouse may elect relief from joint and several liability under section 6015. There are three types of relief available: (1) Section 6015(b)(1) provides full relief from joint and several liability; (2) section 6015(c) provides separate tax liability available to divorced or separated taxpayers; and (3) section 6015(f) provides equitable relief from joint and several liability in certain circumstances if section

6015(b) and (c) are unavailable.  Petitioner is not eligible for relief under either section 6015(b) or (c).

Section 6015(f) provides:

> SEC. 6015(f).  Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> (1)  taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
> (2)  relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

To prevail, petitioner must show that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. 276, 292 (2000).  As directed by section 6015(f), the Commissioner prescribed procedures to use in determining whether the requesting spouse qualifies for relief under section 6015(f).  Those procedures are found in Rev. Proc. 2000-15, 2000-1 C.B. 447.[2]  The revenue procedure includes a partial list of the positive and negative factors to be considered, including whether the requesting spouse is divorced, whether the requesting spouse

---

[2]  Rev. Proc. 2000-15, sec. 3, 2000-1 C.B. 447, 448, is applicable for any liability for tax arising on or before July 22, 1998, that was unpaid on that date.

would suffer undue economic hardship, whether the requesting spouse "had no reason to know that the liability would not be paid", and whether the requesting spouse significantly benefited beyond normal support from the unpaid liability. See Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448-449. "No single factor will be determinative of whether equitable relief will or will not be granted in any particular case. Rather all factors will be considered and weighed appropriately." Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448.

Petitioner executed the 1997 return voluntarily. The unpaid amount was clearly shown on the return that she executed. She must have known that there was an amount owing, or at the very least had reason to know that there was an unpaid tax liability. It may be, as petitioner testified, that she thought that the unpaid tax liability would be paid by intervenor. But, under the ultimate property decree entered on July 28, 1999, 18 months after the original decree, the house was transferred to petitioner with the understanding that she would continue to pay the joint debts. We note that petitioner's 1998 overpayment was credited against the 1997 tax liability on April 15, 1999, 3 months before the final decree was entered. It would seem that at least by then she was aware that the 1997 tax liability had not been paid. Nonetheless, she agreed that she would continue to pay the joint debts.

Furthermore, we find no basis for concluding that petitioner would suffer undue financial hardship in being liable for the 1997 tax liability.  She maintained her employment, and during 1998 and 1999 had gross income of $49,469 and $51,179, respectively.  Moreover, she received $20,000 from the sale of the residence in 2000.

Finally, it should be noted that, while petitioner may not have significantly benefited from the funds withdrawn from the IRA, the funds were used in great part for living expenses of both petitioner and intervenor.

In sum, we find that no factors considered support the conclusion that petitioner is entitled to relief under section 6015(f) and that respondent's denial of relief was an abuse of discretion.[3]

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3]  Because of our disposition on the ground that petitioner is not entitled to relief, we need not discuss whether this Court has jurisdiction to order a refund to petitioner for 1998 and 1999.