T.C. Memo. 2003-253


UNITED STATES TAX COURT


FATEMEH ENTEZAM, Petitioner, AND MAJID ZAHEDI, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9481-00.                    Filed August 21, 2003.


<u>Joel G. Selik</u>, for petitioner.

Majid Zahedi, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  The sole issue for decision is whether

Fatemeh Entezam is, pursuant to section 6015,[1] entitled to relief

from joint and several liability.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Fatemeh Entezam (Ms. Entezam) and Majid Zahedi (Mr. Zahedi) were married in 1985. During the years in issue, Mr. Zahedi owned and operated three International House of Pancakes restaurants. To assist Mr. Zahedi with the operation of the restaurants, Ms. Entezam took accounting classes at San Diego State University and on December 30, 1991, graduated with a bachelor of science degree in business administration with an emphasis in accounting. In 1990, Ms. Entezam began helping with the operation of and record keeping relating to the restaurants (e.g., she recorded the restaurants' daily sales receipts). Ms. Entezam's father, uncle, and sister were also involved in the management and operation of the restaurants. Ms. Entezam had access to the restaurants' books and records and was authorized to write checks on, and make withdrawals from, the business accounts.

On May 5, 1991, Ms. Entezam and Mr. Zahedi purchased an $840,000 home. In relation to this purchase, in 1990 and 1991 they signed mortgage loan applications indicating joint annual incomes of $237,996 and $321,036, respectively. On their 1990 joint Federal income tax return, however, Ms. Entezam and Mr. Zahedi reported that they earned no salaries and had net losses of $55,856; and on their 1991 joint tax return they reported that

Mr. Zahedi earned a salary of $23,000, and that they had net losses of $67,560.

During the years in issue, Ms. Entezam and Mr. Zahedi paid approximately $60,000 for home furnishings, $20,000 for a swimming pool, and $30,000 for Ms. Entezam's jewelry. In addition, they leased two Mercedes-Benz automobiles and took Ms. Entezam's parents on vacation to Florida and Nevada.

On January 5, 1994, during the course of an arson investigation relating to one of the restaurants, U.S. Bureau of Alcohol, Tobacco, and Firearms agents searched Ms. Entezam and Mr. Zahedi's home and seized a handwritten ledger. The gross receipts reflected on the ledger were substantially larger than the amounts reported on Ms. Entezam and Mr. Zahedi's 1989 through 1992 joint tax returns. Respondent used this ledger to compute the deficiencies relating to the years in issue.

On November 10, 1994, Ms. Entezam and Mr. Zahedi were indicted and charged, pursuant to section 7206, with filing false Federal income tax returns relating to 1989 through 1992. Mr. Zahedi pleaded guilty to all counts in the indictment and served 28 months in Federal prison. Ms. Entezam signed a deferred prosecution agreement admitting that she willfully filed 1989 through 1992 false joint tax returns in violation of section 7206.

Ms. Entezam and Mr. Zahedi were divorced in 1999. The divorce judgment provides that Ms. Entezam and Mr. Zahedi are each responsible for the payment of half of their Federal income tax liabilities relating to 1990, 1991, and 1992.

By notice of deficiency dated June 1, 2000, respondent determined that Ms. Entezam and Mr. Zahedi underreported gross receipts of $64,915, $157,035, $148,717, and $154,940 on their 1989, 1990, 1991, and 1992 joint Federal income tax returns, respectively.

On September 1, 2000, Ms. Entezam, while residing in Escondido, California, filed a petition in which she requested relief from joint and several liability. On January 11, 2001, Mr. Zahedi, while residing in Lake Forest, California, filed his notice of intervention. On July 12, 2001, an Internal Revenue Service Appeals officer determined, pursuant to section 6015(f), that Ms. Entezam did not qualify for relief.

## OPINION

In limited situations, taxpayers filing joint Federal income tax returns may be relieved from joint and several liability pursuant to section 6015. Ms. Entezam, however, is not entitled to such relief. Her actual knowledge of the tax understatement precludes relief pursuant to section 6015(b) or (c). Sec. 6015(b)(1)(C) and (c)(3)(C); <u>Jonson v. Commissioner</u>, 118 T.C. 106, 115 (2002); <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 193-194

(2000), affd. 282 F.3d 326 (5th Cir. 2002). Ms. Entezam, who has a business degree, knew that large amounts of income were omitted from the 1989 through 1992 joint tax returns. Her contentions to the contrary were not credible. Ms. Entezam and members of her family were involved in the operation of and record keeping relating to the business. In addition, she signed two mortgage loan applications reporting business income that significantly exceeded the business income reported on the joint tax returns. Moreover, she acknowledged that she willfully filed false joint tax returns relating to 1989 through 1992.

Similarly, Ms. Entezam is not entitled to relief, pursuant to section 6015(f), because it is not inequitable to hold her liable for the deficiencies attributable to the unreported gross receipts. See Butler v. Commissioner, 114 T.C. 276, 291-293 (2000). Ms. Entezam knew of the unreported gross receipts, did not establish that she would suffer economic hardship if relief were denied, significantly benefited from the unreported gross receipts (i.e., funds deposited into a joint account afforded her a very comfortable lifestyle), and has a legal obligation pursuant to a divorce judgment to pay for half of the tax liability. See Rev. Proc. 2000-15, 2000-1 C.B. 447. Thus, respondent's determinations are sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.