T.C. Summary Opinion 2003-142

UNITED STATES TAX COURT

JANICE L. CARDIFF, f.k.a. JANICE DUNN, Petitioner, STEPHEN DUNN,
Intervenor <u>v.</u> COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16011-02S.            Filed October 1, 2003.

Janice L. Cardiff, pro se.

Stephen Dunn, pro se.

<u>Sylvia Shaughnessy</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code as
amended.  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

This Court must decide whether respondent abused his

discretion in determining that petitioner qualified for full equitable relief under section 6015(f).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Oceanside, California, at the time she filed her petition. Intervenor resided in Vista, California, at the time of the filing of the Notice of Intervention in this case.

Petitioner and intervenor, while married, jointly filed a Form 1040, U.S. Individual Income Tax Return, for 1994.

The 1994 return reflects a balance due of $4,531. Neither petitioner nor intervenor paid this amount when the 1994 return was filed. A portion of the amount plus statutory accruals remains unpaid.

Petitioner and intervenor legally separated sometime during 1995, and were divorced on November 20, 1996. Neither the divorce decree nor the marital separation agreement allocates or addresses responsibility for payment of the 1994 income tax liability.

In 1996, petitioner filed a Chapter 7 bankruptcy petition, but the 1994 income tax debt was not discharged because the 1994 tax return was due within the 3-year period prior to the filing of the petition.

On May 29, 2001, petitioner filed a Form 8857, Request for Innocent Spouse Relief, seeking relief from liability for the

underpayment of 1994 income taxes at issue herein, as well as for an unpaid income tax deficiency for 1992.

In the Final Notice of Determination dated July 24, 2002, respondent granted partial relief (50 percent) to petitioner from joint and several liability for the tax liability on the 1994 joint return.

After petitioner filed the petition in this case, the administrative file was forwarded to the San Diego Appeals Office for consideration. The Appeals Officer recommended that petitioner be granted full relief from joint and several liability for the underpayment as requested, rather than only 50 percent relief as previously determined.

Intervenor filed his Notice of Intervention on December 31, 2002. He disputes that petitioner is entitled to full equitable relief from joint liability instead of the 50 percent relief previously granted by respondent in the final determination letter upon which petitioner's case is based.

In this case, we are concerned only with section 6015(f). Section 6015(f) provides in pertinent part:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
>> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either);
>
> * * * * * * *

the Secretary may relieve such individual of such liability.

The Court applies an abuse of discretion standard to review respondent's determinations under section 6015(f). Jonson v. Commissioner, 118 T.C. 106, 125 (2002); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. 276, 292 (2000).

As directed by section 6015(f), the Commissioner prescribed procedures to use in determining whether the requesting spouse qualifies for relief under section 6015(f). Those procedures are found in Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2000-15, sec. 3, 2000-1 C.B. at 448, is applicable to any liability for tax arising on or before July 28, 1998, that was unpaid on that date. The revenue procedure includes a partial list of the positive and negative factors to be considered, including whether the requesting spouse is divorced, whether the requesting spouse would suffer undue economic hardship, whether the requesting spouse had no reason to know that the liability would not be paid, and whether the requesting spouse significantly benefitted beyond normal support from the unpaid liability. Id. sec. 4.03(1) and (2), 2000-1 C.B. at 448-449. "No single factor will be determinative of whether equitable relief will or will not be granted in any particular case. Rather, all factors will be considered and weighed appropriately." Id. sec. 4.03.

In concluding that petitioner be granted full relief from

liability, respondent pointed out that the earlier determination erroneously computed petitioner's liability under the community property rules. Section 6015(a) provides that a determination under this section is to be made without regard to community property rules.

Petitioner is divorced.

On the 1994 return, $65,580 is income from Schedule E, Supplemental Income and Loss, from intervenor's S corporation, Construction Planning & Management, Inc. The rest of the income is from petitioner's wages as a fitness instructor of $4,434, an annuity distribution to her of $1,076, and unemployment compensation to her of $3,510. Petitioner also had a loss of $2,610 as reported on her Schedule C, Profit or Loss From Business. Petitioner had withholding of $688 and intervenor made estimated payments of $883. Respondent concluded that the underpayment of tax was due to intervenor's failure to make estimated payments on his income.

Intervenor strictly controlled the family finances and had total control over the moneys. He also prepared all the tax returns and presented a completed return to petitioner and told her to "sign this." Petitioner stated that she had no reason to believe that intervenor was not paying taxes on moneys he earned. She also stated that she did not have any knowledge or belief that the taxes had not been paid. Respondent gave petitioner the

benefit of the "no reason to know" factor under Rev. Proc. 2000-15, <u>supra</u>.

Petitioner submitted an income and expense declaration to respondent, which showed monthly expenses exceeding her monthly income by $1,605. At trial, intervenor mentioned a house petitioner owns. As a result of the divorce, the house owned by petitioner and intervenor was foreclosed. Subsequently, family friends gave petitioner a house, in which she lives with her children. Petitioner has a tenant and uses the rent to make mortgage payments. The rent is less than the interest due and no payments are made on principal. Petitioner explained this resulted in negative amortization and the principal increases each month. Respondent concluded that petitioner would suffer undue economic hardship.

Because of the manner in which intervenor controlled the finances, petitioner did not benefit beyond normal support from the unpaid liability. Respondent gave petitioner the benefit of this factor.

Based on our review of the record, we find that respondent did not abuse his discretion in concluding that petitioner was

entitled to full relief from the joint and several 1994 income tax liability.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for petitioner.