T.C. Memo. 2004-205


UNITED STATES TAX COURT


NANCY A. SJODIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10704-03.          Filed September 14, 2004.


Nancy A. Sjodin, pro se.

<u>Blaine Holiday</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case involves a review of respondent's
determination that petitioner is not entitled to relief from
joint and several liability under section 6015(f).[1]  We find no
abuse of discretion in respondent's determination.

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner was a resident of Minneapolis, Minnesota.

Petitioner filed joint Forms 1040, U.S. Individual Income Tax Return, with her spouse, Kenneth E. Sjodin (Mr. Sjodin) for the taxable years 1987, 1988, 1990, and 1992. These returns each reflected tax due which was not paid at the time of filing. The amounts in question in this case relate to these returns and not any additional deficiencies determined by respondent.

Petitioner and Mr. Sjodin were married for approximately 20 years at the time of the first year in question and remain married. There is no evidence they have ever separated. Petitioner and Mr. Sjodin have four children. In 1987, two were in college and two were in high school. During the years in question, petitioner and Mr. Sjodin jointly supported their children and their household. Petitioner worked as a retail clerk during the years in question and received wage income which was subject to withholding. Mr. Sjodin had a real estate business, and his income was not subject to withholding. The unpaid liabilities are primarily the result of the income of Mr. Sjodin.

Petitioner signed the returns for the years in question. After petitioner learned of a lien on their house, she began to file separate returns in 1994.

Mr. Sjodin is a Korean War veteran and has been diagnosed with a combat-related psychological disorder which caused him to be secretive and uncommunicative. He did not physically harm petitioner, but he was not forthcoming to her with information relating to his business. He continued to provide financial support to petitioner and their children.

On August 9, 2000, petitioner filed Form 8857, Request For Innocent Spouse Relief, for the taxable years 1987, 1988, 1990, and 1992. On April 3, 2003, respondent issued petitioner Letter 3290, Notice of Determination Concerning Your Request for Relief under the Equitable Relief Provisions of Section 6015(f), stating that respondent did not allow her request for the years 1987, 1988, 1990, and 1992. Petitioner timely filed with this Court a petition for determination of relief from joint and several liability on a joint return.

                         OPINION

Section 6015(f) permits the Secretary to relieve a spouse of liability if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for any unpaid tax or any deficiency (or any portion of either) and relief is not available under section 6015(b) or (c). The denial

of equitable relief is reviewed under an abuse of discretion standard. <u>Washington v. Commissioner</u>, 120 T.C. 137, 146 (2003). In deciding whether the determination was an abuse of discretion, we consider evidence relating to all the facts and circumstances. <u>Id.</u> at 148.

Rev. Proc. 2000-15, 2000-1 C.B. 447, contains guidelines that are considered in determining whether an individual qualifies for relief under section 6015(f).[2] Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, lists seven threshold conditions that must be satisfied before the Commissioner will consider a request for relief under section 6015(f). Respondent agrees that the threshold conditions are satisfied in this case.

Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, provides that, in cases where a liability reported on a joint return is unpaid, relief under section 6015(f) will ordinarily be granted if three elements are satisfied. Because petitioner is still married to and living with Mr. Sjodin, she does not meet the requirements of Rev. Proc. 2000-15, sec. 4.02.

If relief is not available under Rev. Proc. 2000-15, sec. 4.02, then Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, provides factors that the Commissioner will consider in deciding

---

[2]On Aug. 11, 2003, the Commissioner issued Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, effective for requests for relief filed on or after Nov. 1, 2003.

whether to grant relief under section 6015(f).  Rev. Proc. 2000-15, sec. 4.03(1), lists the following six factors weighing in favor of granting relief for an unpaid liability:  (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse would suffer economic hardship if relief is denied; (3) the requesting spouse was abused by the nonrequesting spouse; (4) the requesting spouse did not know or have reason to know that the reported liability would not be paid; (5) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability; and (6) the unpaid liability is attributable to the nonrequesting spouse.  Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, lists the following six factors weighing against granting relief for an unpaid liability:  (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time the return was signed; (3) the requesting spouse significantly benefited (beyond normal support) from the unpaid liability; (4) the requesting spouse will not suffer economic hardship if relief is denied; (5) the requesting spouse has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates; and (6) the requesting spouse has a legal obligation pursuant to a divorce decree or

agreement to pay the unpaid liability.  This list is not exhaustive, no single factor is determinative, and all factors should be considered and weighed appropriately.  Rev. Proc. 2000-15, sec. 4.03.

Respondent agrees that petitioner will suffer economic hardship if relief is not granted.  The joint liabilities along with penalties and interest have grown to over $278,000.  Petitioner earns $2,000 per month, and Mr. Sjodin is retired earning occasional real estate income and Social Security.  This factor weighs in petitioner's favor.

The parties have stipulated that the liabilities are attributable at least in small part to petitioner's income.

Petitioner and Mr. Sjodin are not divorced or separated, and there is no divorce decree or agreement in which Mr. Sjodin assumed responsibility for the payment of the outstanding liabilities.  We do not hold it against petitioner that she admirably remained committed to her marriage, and we agree that in certain cases relief is appropriate for taxpayers who are married at the time relief is requested.  However, this factor is neutral in our analysis.

The parties have stipulated that Mr. Sjodin did not physically abuse petitioner.  Petitioner argues that Mr. Sjodin mentally abused her.  We presume that her position is that Mr. Sjodin's controlling and secretive nature was abusive.  We do not

believe that this rises to the level of abuse necessary to weigh as a factor in petitioner's favor.

Petitioner began filing separate returns in 1994 when she discovered a lien on the house, and the Appeals officer noted that she is currently in full compliance with Federal income tax laws.

Respondent argues that petitioner had reason to know that the liabilities shown on the returns she signed would not be paid. Petitioner testified that in order to file their returns, Mr. Sjodin would collect her Forms W-2, Wage and Tax Statement, and have an accountant complete the returns. When the joint tax returns were completed, petitioner signed them. She did not inquire into whether the tax shown as due was going to be paid. This is not surprising, given the picture petitioner has painted of the way her family dealt with finances. Petitioner stated that her job was to raise their four children, while Mr. Sjodin's job was to provide for the family. She claims that in 40 years of marriage, she has never written a check out of the joint checking account she shared with Mr. Sjodin. Petitioner knew nothing about the family finances and stated that Mr. Sjodin kept the records locked in his home office. She was not involved in financial decisions, and Mr. Sjodin unilaterally chose and bought their homes over the years.

However, we cannot say that petitioner had no reason to know that the liabilities listed on the returns would not be paid. On the 1987 return, the liability was over $40,000, and only $475 had been withheld. For the other 3 years at issue, the returns petitioner signed showed lesser but still significant amounts due of $12,789, $20,133, and $5,958, and withholding, at the most, of $1,969. We believe that it was reasonable for respondent to conclude that petitioner had reason to know that Mr. Sjodin would not pay these amounts. See Morello v. Commissioner, T.C. Memo. 2004-181.

Respondent argues that petitioner received significant benefit, beyond normal support, from the unpaid liabilities. Petitioner testified that in 1987, two of her children were in high school, and two were in college. The funds available for household expenses were augmented over the years in issue because the tax was not paid. There is no evidence that petitioner or her family lived an extravagant lifestyle or that Mr. Sjodin spent the extra money in any way other than in providing for his family. The money was likely used for normal household expenses and college tuition. This does not qualify as significant benefit to petitioner.

The primary factor weighing in favor of granting petitioner relief is economic hardship. In contrast, petitioner's reason to know of the unpaid liabilities is "an extremely strong factor

weighing against relief." Rev. Proc. 2000-15, sec. 4.03(2)(b), 2000-1 C.B. at 449. Mr. Sjodin testified that petitioner's application for relief under section 6015 was the result of advice from the family's accountant as part of his estate planning. While we recognize that Mr. Sjodin's disorder has made communication difficult over the years, it seems that petitioner's lack of involvement in the family finances was a function of the way petitioner and Mr. Sjodin chose to manage their household duties. Although payment of the liabilities now will present an economic hardship to petitioner, we cannot say that under all of the circumstances respondent abused his discretion by acting arbitrarily, capriciously, or without sound basis in fact in denying petitioner's request for equitable relief under section 6015(f).

Decision will be entered for respondent.