T.C. Summary Opinion 2007-139

UNITED STATES TAX COURT

BERT A. AND JULIE L. HEDRICK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13158-06S.                    Filed August 9, 2007.

Bert A. and Julie L. Hedrick, pro sese.

Richard D. D'Estrada, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2004, the taxable year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for 2004 of $875. The sole issue for decision is whether petitioner Bert A. Hedrick was an active participant in qualified retirement plans in 2004 and was thus ineligible to deduct a $3,500 contribution to an individual retirement account under section 219.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts at trial and accompanying exhibits.

At the time the petition was filed, Bert A. Hedrick (Mr. Hedrick) and Julie L. Hedrick (Mrs. Hedrick), jointly referred to herein as petitioners, resided in Colorado.

Mr. Hedrick was employed by the Jefferson County Public Schools (school system) for 28 years. During the time he was employed there, Mr. Hedrick was an active participant in the school system's defined benefit retirement plan. He contributed a percentage of his paycheck to a retirement account through the plan, and his employer matched a percentage of that contribution. He retired on May 31, 2004.

In addition to his employment with the school system, Mr. Hedrick worked part time with the Denver Theatrical Stage

Employees Union (the stage employees' union).[2]  If the stage employees' union had a retirement plan, Mr. Hedrick was not a participant, nor was he eligible to participate therein.

Mrs. Hedrick has been employed by the Royal Sanitary Supply Company since 2000.  In 2004, she was an active participant in the company's qualified pension plan, contributing funds and having a percentage of the contributions matched by her employer.

At some point after retiring from the school system, Mr. Hedrick contributed money earned working at the stage employees' union to an individual retirement account (IRA).

Petitioners timely and jointly filed a Form 1040, U.S. Individual Income Tax Return (return), for 2004, claiming a $3,500 deduction for the IRA contribution.

Respondent disallowed the entire IRA deduction and determined an $875 deficiency on the basis of petitioners' active participant status.

## Discussion[3]

Generally, a taxpayer is entitled to deduct amounts contributed to an IRA.  See sec. 219(a); sec. 1.219-1(a), Income Tax Regs.  The deduction may not exceed the lesser of (1) the deductible amount or (2) an amount equal to the compensation

---

[2]  Mr. Hedrick continues to be employed there part time.

[3]  The issue for decision under these facts is essentially legal in nature; therefore, we decide the instant case without regard to the burden of proof.

includable in the taxpayer's gross income for such year.  Sec.
219(b)(1).  For 2004, the deductible amount was $3,000, increased
to $3,500 if the taxpayer was age 50 or older before the close of
the taxable year.[4]  Sec. 219(b)(5)(A) and (B).

If, however, <u>for any part of a taxable year</u>, a taxpayer or a
taxpayer's spouse is an "active participant" in a qualified plan
under section 401(a), the deductible amount of any IRA
contribution for that year may be further limited.  See sec.
219(a), (g)(1), and (5).  As relevant in this case, the IRA
deduction phases out for taxpayers whose modified adjusted gross
incomes exceed certain thresholds, with a complete disallowance
after $75,000 in 2004.  See sec. 219(g)(2) and (3)(B)(i).  Both
petitioners were active participants in a qualified plan (Mrs.
Hedrick throughout 2004, and Mr. Hedrick for the first 5 months
of 2004), and their adjusted gross income exceeded $75,000.
Therefore the entire $3,500 deduction is disallowed.

Petitioners' confusion in this case arises from the fact
that Mr. Hedrick was considered an active participant for the
entire taxable year, even after he retired from the school
system.  It is easy to see how petitioners could be confused by
language in various Internal Revenue Service publications
explaining that receiving benefits from a former employer's plan
does not mean that one is covered by, or an active participant

---

[4]  Mr. Hedrick met the age requirement for the $500 increase
in allowable contributions.

in, that plan.  See, e.g., Publication 590 Situations in Which You Are Not Covered (2004); Notice 87-16, 1987-1 C.B. 447-448, Q&A-8.  It is true that Mr. Hedrick was not an active participant in the school system's plan simply by virtue of his receipt of benefits from his former employment.  However, because he was an active participant in the school system's plan for 5 months of the taxable year in question, he was considered an active participant for the entire year.  See sec. 219(g)(1); see also, e.g., Wade v. Commissioner, T.C. Memo. 2001-114 (even de minimis participation during a plan year is sufficient to render a taxpayer an active participant for the entire year).

Although we can appreciate petitioners' confusion as to how Mr. Hedrick's retirement and subsequent receipt of benefits would impact contributions made during the same tax year to an IRA, deductions are a matter of legislative grace, and they must meet all applicable statutory requirements.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  We found petitioners to be very straightforward and honest, but unfortunately, the Internal Revenue Code is very specific in its requirements, and we must enforce the laws as written.  See Marsh & McLennan Cos. v. United States, 302 F.3d 1369, 1381 (Fed. Cir. 2002); Philadelphia & Reading Corp. v. United States, 944 F.2d 1063, 1074 (3d Cir. 1991).  Accordingly, we hold that Mr. Hedrick's $3,500 IRA contribution was not deductible for the taxable year in issue.

However, as respondent acknowledged at trial, petitioners

will be entitled to $3,500 of basis in the IRA.  Accordingly, when petitioners receive distributions, they will be entitled to recover $3,500 tax free consistent with applicable law, essentially on a pro rata basis.  Any income on that investment would continue to accrue in a tax-deferred manner.  See generally sec. 408.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>