**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-24

UNITED STATES TAX COURT

CLAYTON SCHUYLER YOUNG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 188-13S.                    Filed March 18, 2014.

Clayton Schuyler Young, pro se.

Alicia H. Eyler, for respondent.

SUMMARY OPINION

COHEN, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect at the time that the petition was filed.

The decision to be entered is not reviewable by any other Court, and this opinion

shall not be treated as precedent for any other case. Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case was commenced in response to a final notice denying petitioner's request for relief under section 6015(f) with respect to unpaid tax on a joint return filed by petitioner and his former spouse for 2005.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time his petition was filed.

In 2005, petitioner worked as a regional manager for a healthcare company. He also sold some stock in his personal investment account, which resulted in capital gains. On June 24, 2005, petitioner and his spouse Andrea S. Young (Young) (collectively Youngs) separated.

The Youngs' 2005 Form 1040, U.S. Individual Income Tax Return, was prepared by a tax return preparation service. Petitioner provided the tax return preparation service with all tax-related documents. The Youngs elected to file jointly their 2005 Federal tax return. Their return reported wage, dividend, and capital gain income attributable only to petitioner and not to Young. The return showed tax owed of $14,242, which was not paid at that time. It also reported

Young's occupation as "homemaker". Petitioner took the completed 2005 tax return to Young, which she signed, and then he signed the return himself.

The Youngs finalized their divorce in 2007. As part of their divorce settlement, the Youngs agreed to, and signed, a memorandum of understanding of settlement (settlement agreement). Item 13 of the settlement agreement provides that petitioner would assume the 2005 Federal and State income tax liabilities on the jointly filed returns.

When collection procedures began towards the Youngs' self-reported 2005 tax liability, petitioner entered into an installment agreement with the Internal Revenue Service (IRS). However, petitioner also executed a Form 8857, Request for Innocent Spouse Relief, which the IRS received on November 8, 2010. In an attachment to his request for relief, petitioner asserted that the IRS was attempting to collect the 2005 tax liability only from him and not equally trying to collect from Young. Petitioner indicated on his request that he was not a victim of spousal abuse.

The IRS considered petitioner's request for relief. On May 25, 2012, the IRS sent Letter 3661C, Preliminary Determination, to petitioner proposing to deny relief under section 6015(f) because the tax owed derived from his own income.

Petitioner appealed the IRS' preliminary determination to the IRS Office of Appeals (Appeals Office). The Appeals Office reviewed petitioner's request for relief. In Letter 3288, Final Appeals Determination, dated October 4, 2012, the Appeals Office upheld the IRS' determination for the same reason: Petitioner is not entitled to relief for tax that he owes on his own income.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3). A spouse seeking relief from joint and several liability may follow procedures established in section 6015. If the disputed liability involves nonpayment of taxes shown on a joint return, the only relief available is under section 6015(f). See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003). Section 6015(f) authorizes the Commissioner to grant equitable relief from joint and several liability if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

This Court applies a de novo scope and standard of review to a taxpayer's request for innocent spouse relief. Porter v. Commissioner, 132 T.C. 203, 210

(2009). The requesting spouse bears the burden of proof with respect to relief under section 6015(f). Id. (citing Rule 142(a)).

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for equitable relief from joint and several liability. These procedures are set forth in Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403. See generally Reilly-Casey v. Commissioner, T.C. Memo. 2013-292. The Court recognizes the use of these procedures in reviewing a section 6015(f) determination. See Washington v. Commissioner, 120 T.C. at 147 (reviewing the Commissioner's application of the prescribed guidelines in Rev. Proc. 2000-15, 2000-1 C.B. 447, a predecessor to Rev. Proc. 2013-34, supra).

Because of the straightforward nature of the record, however, we need not address all the threshold conditions, circumstances, and factors listed in Rev. Proc. 2013-34, sec. 4.01-4.03. Instead we focus on one of the seven threshold conditions required to be met before a request under section 6015(f) can be considered: The income tax, from which relief is sought, must be attributable to an underpayment resulting from the nonrequesting spouse's income, unless a specified exception applies. See Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400. Thus, the key consideration here, and the basis for the negative determinations, is that petitioner generated all the income himself--none is

attributable to Young.  Petitioner did not argue or show that any exception to meeting this threshold condition exists.  Without having met this threshold condition, petitioner cannot obtain relief.

At trial, petitioner stated that he is not looking for complete relief from his tax liability but simply that the liability be split equitably between Young and himself.  As previously discussed, however, a joint return makes each filer jointly and severally liable for the entire tax.  The IRS can collect fully from either party. In view of the entire record, we conclude that petitioner is not entitled to relief pursuant to section 6015(f) from his joint and several tax liability for 2005.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.