T.C. Memo. 2014-170

UNITED STATES TAX COURT

BRIAN HAMMERNIK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30398-12.　　　　　　　　　Filed August 21, 2014.

Brian Hammernik, pro se.

<u>Richard Charles Grosenick</u> and <u>Laurie B. Downs</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a final Appeals determination allowing only partial relief for 2003 under section 6015(f).  The issue for decision is whether petitioner is entitled to full relief under section 6015(f).  All section references are to the Internal Revenue Code in effect at all

[*2] relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in Wisconsin.

In 2003, petitioner was married to Pamela Hammernik (Hammernik). Because of a decline in his manufacturing business, petitioner withdrew $104,909 from his personal retirement account that year to pay bills.

Petitioner and Hammernik filed a joint Federal tax return for 2003. On Form 1040, U.S. Individual Income Tax Return, they reported the retirement funds as taxable income but did not pay the $15,058 of tax shown as owed on the return. On or around December 23, 2004, the divorce between Hammernik and petitioner was finalized. In the divorce decree, both parties were held equally responsible for their debt to the Internal Revenue Service (IRS).

Petitioner completed and filed Form 8857, Request for Innocent Spouse Relief, which the IRS received on May 25, 2010. In an attachment to his request for relief, petitioner explained that he had already paid more than his half of the IRS debt and that he would like to be relieved of responsibility for Hammernik's

[*3] share under the divorce. Petitioner did not provide to the IRS any bank records or other documentation reflecting that he had set aside funds intended for the payment of his 2003 Federal income tax liability.

The IRS considered petitioner's request for relief. On October 11, 2012, the IRS Office of Appeals (Appeals) sent to petitioner a final Appeals determination determining that he was entitled to partial relief of $1,631 for 2003. Appeals denied petitioner relief on the remainder of the IRS debt because that portion was attributable to his retirement account withdrawal.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). A spouse seeking relief from joint and several liability may follow procedures established in section 6015. If the disputed liability involves nonpayment of taxes shown on a joint return, the only relief available is under section 6015(f). See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003). Section 6015(f) authorizes the Commissioner to grant equitable relief from joint and several liability if "taking into account all the facts

**[\*4]** and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

This Court applies a de novo scope and standard of review to a taxpayer's request for innocent spouse relief. <u>Porter v. Commissioner</u>, 132 T.C. 203, 210 (2009). The requesting spouse bears the burden of proof with respect to relief under section 6015(f). <u>Id.</u> (citing Rule 142(a)).

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for equitable relief from joint and several liability. These procedures are set forth in Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403. <u>See generally</u> <u>Reilly-Casey v. Commissioner</u>, T.C. Memo. 2013-292. The Court recognizes the use of these procedures in reviewing a section 6015(f) determination. <u>See</u> <u>Washington v. Commissioner</u>, 120 T.C. at 147 (reviewing the Commissioner's application of the prescribed guidelines in Rev. Proc. 2000-15, 2000-1 C.B. 447, a predecessor to Rev. Proc. 2013-34, <u>supra</u>).

To qualify for equitable relief from joint and several liability, petitioner would first need to meet all of the threshold requirements of Rev. Proc. 2013-34, sec. 4.01, which he is unable to do. One of the seven threshold conditions requires that the income tax liability from which relief is sought be attributable to an item of the nonrequesting spouse or an underpayment resulting from the nonrequesting

[*5] spouse's income, unless a specified exception applies. See Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400. Here, the income in issue is petitioner's personal retirement account funds--which are not attributable to Hammernik. However, there are exceptions to this "attributable to the nonrequesting spouse" condition, and petitioner appears to raise one such exception.

The IRS will consider granting relief regardless of whether the underpayment is attributable to the requesting spouse if the requesting spouse did not know, and had no reason to know, that funds intended for the payment of tax were misappropriated by the nonrequesting spouse for the nonrequesting spouse's benefit. Id. sec. 4.01(7)(c). The IRS may grant relief only to the extent that the funds intended for the payment of tax were taken by the nonrequesting spouse. Id.

At trial, petitioner stated that, when he withdrew his retirement account funds, he had set aside money to pay for the taxes due on them and that Hammernik absconded with this designated money. However, petitioner also stated that he and Hammernik put the designated money in their checking account and that when divorce became a concern, he reviewed the account to discover that most of the designated money had been withdrawn by Hammernik. He then withdrew the remaining designated money out of the account but decided to

**[\*6]** redeposit it when Hammernik objected. She then allegedly withdrew that money as well. Petitioner therefore knew that funds were being withdrawn by Hammernik. Moreover, petitioner was unable to corroborate his allegation that the money was actually set aside for the payment of his 2003 tax liability. He failed to provide any bank records or other documentation to either the IRS during the administrative process or to the Court at trial.

On the entire record, we conclude that petitioner is not entitled to relief pursuant to section 6015(f) from his joint and several tax liability for 2003. We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.