T.C. Memo. 2004-24

UNITED STATES TAX COURT

VICKI S. PLESS AND COY E. PLESS, JR., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1917-03L.               Filed February 3, 2004.

Vicki S. Pless and Coy E. Pless, Jr., pro se.

<u>James R. Rich</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 and a Notice of Determination Concerning
Your Request for Relief from Joint and Several Liability Under
Section 6015.  The issue for decision is whether there was an
abuse of discretion in issuing the notices of determination

without conducting a hearing requested by petitioners under section 6330. Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in South Carolina at the time that their petition was filed.

Petitioners filed a joint Federal income tax return for 1998, reporting taxable income of $91,261, taxes of $28,113, and an unpaid balance of $16,058. The return described the occupation of petitioner Coy E. Pless, Jr. (Mr. Pless), as chiropractor and the occupation of petitioner Vicki S. Pless (Ms. Pless) as office manager. The amount shown as due was not paid with the 1998 return. As of the time of trial in October 2003, petitioners had not filed Federal income tax returns for any years subsequent to 1998.

On September 6, 2000, the Internal Revenue Service (IRS) sent to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to unpaid taxes for 1998 in the amount of $16,616.72. On October 2, 2000, Mr. Pless submitted a Form 12153, Request for a Collection Due Process Hearing, in which he disagreed with the proposed action as "Due to Business Failure". On October 3, 2000, Ms. Pless

submitted a Form 12153, in which she disagreed with the proposed collection action because of the "Innocent Spouse Rule". Ms. Pless also submitted a Form 8857, Request for Innocent Spouse Relief. In the Form 8857, Ms. Pless requested equitable relief; i.e., relief from joint and several liability under section 6015(f) with respect to the underpayment of the tax shown on the 1998 return.

On June 13, 2001, an Appeals officer for the IRS sent to petitioners a letter referring to the claims for relief that had been submitted by them. The letter stated:

> Your request for a Due Process Hearing will be scheduled after the innocent spouse claim has been worked. The Due Process Hearing may be in person or over the phone. Please let me know which you prefer when you are contacted to schedule your Due Process Hearing.

> \* \* \* \* \* \* \*

> If you plan to propose collection alternatives, certain financial information is needed in order to determine the merits of any collection alternative proposal you make. In this regard, if you plan to propose collection alternatives, please complete the enclosed Form 433-A and Form 433-B (if applicable) and return them to me as soon as possible.

> Since interest continues to accrue while your case is being considered, you may wish to pay as much as you can as soon as you can. If you have questions or concerns, please contact me at the above address, fax or telephone number.

Also on June 13, 2001, the Appeals officer sent to an "Innocent Spouse Coordinator" Ms. Pless's Form 8857, noting: "Ms. Pless did not provide any explanation as to why she feels she qualifies

for innocent spouse relief other than the information that is reflected on the Form 8857 enclosed."

On August 21, 2001, a tax auditor wrote to Ms. Pless concerning her claim under section 6015(f). The letter stated, among other things: "It is important that you call me within 7 days of the date of this letter in order to arrange an appointment. For your convenience, the following space is provided for you to record the appointment." Ms. Pless did not call, but on August 29, 2001, the tax auditor called petitioners' home and left a message for Ms. Pless to return the call. Ms. Pless did not return the call. On September 7, 2001, the tax auditor interviewed Ms. Pless over the telephone. After questioning Ms. Pless about the factors considered with respect to relief under section 6015(f), the tax auditor recommended denial of relief because the taxpayers were still married and living together; hardship was not shown; there was no indication of marital abuse; there was no legal obligation (by divorce decree or agreement) for Mr. Pless to pay the liability; Ms. Pless had knowledge of the unpaid liability when she signed the tax return; Ms. Pless worked periodically in Mr. Pless's office during 1998; Ms. Pless made some of the deposits into personal and business bank accounts; and Ms. Pless participated with Mr. Pless in paying the household expenses.

On August 22, 2002, the Appeals officer again wrote to petitioners, asking that they contact her by September 6, 2002, to schedule a hearing.  Petitioners responded to the Appeals officer's letter on August 28, 2002, requesting that an "in person hearing" be scheduled "if possible after September 2002." On September 9, 2002, the Appeals officer notified petitioners that she had scheduled an appointment for a hearing on October 9, 2002.  The letter stated:  "If this date or time is not convenient for you, please call me to reschedule this appointment by September 20, 2002."  On September 16, 2002, Ms. Pless wrote to the Appeals officer, requesting that the hearing be rescheduled "because of a conflict with my doctor's appointments in October."  On October 1, 2002, the Appeals officer wrote to petitioners, suggesting three tentative dates for the hearing, to wit, October 24, October 28, or October 30, 2002.  That letter also indicated that Ms. Pless would be given an opportunity to present factors relating to her innocent spouse claim during the hearing.

On October 2, 2002, Ms. Pless mailed a letter dated October 1, 2002, to the Appeals officer, stating:

> My husband had an unexpected death in his family that resulted in his being hospitalized for a stress related illness.  Therefore it will be necessary to schedule hearing date in November, preferably November 9th or November 16th, 2002.  This will also allow me to meet my doctor's appointments in October.

On October 28, 2002, the Appeals officer prepared a memorandum reviewing the facts, applicable law and procedure, and chronology and concluding that the proposed collection action be sustained. Her memorandum stated in part:

> It should be noted that November 9, 2002, and November 16, 2002, are both Saturdays. The Internal Revenue Service offices in South Carolina are not open on Saturdays. When I offered to let Mr. and Ms. Pless pick a date for the hearing, they asked that it not be held for the entire month of September but be put off until October. I honored that request and scheduled an appointment for October 9, 2002. When they wrote that that date was not convenient but did not suggest a convenient date, I tried to call them but they did not return my phone call. Then I wrote them giving them three different dates to choose from. To this they responded, again by certified mail, that none of these dates was convenient but either of two days that the office is closed in November would be a possibility.
>
> In the October 1, 2002, letter, I explained to Mr. and Ms. Pless that if they did not confirm one of the three hearing dates scheduled for them by October 16, 2002, I would make a determination in this matter based on the information available to me. Mr. and Ms. Pless did not confirm one of the dates scheduled for them. Mr. and Ms. Pless have been given numerous opportunities to schedule a collection due process hearing. Mr. Pless is a chiropractor. I assume his office has a telephone from which a mutually convenient hearing time could be scheduled. Mr. and Ms. Pless negated the entire month of September as not being convenient for them to hold the hearing. They negated all four hearing dates I scheduled for them in October since they did not suggest a date that would be convenient for them in October. Then they suggested dates on which the office is closed as possibilities that might be convenient for them.
>
> Since Mr. and Ms. Pless have not scheduled a hearing, the determination is made in this matter based on the information available to me.

The Appeals officer adopted the tax auditor's recommendation against section 6015(f) relief.  The Appeals team manager approved the Appeals officer's memorandum on November 12, 2002.  The notices of determination that are the basis of this action were sent to petitioners on January 7, 2003.

On February 5, 2003, the Appeals officer received a letter dated January 6, 2003, but postmarked February 3, 2003, from Ms. Pless, which stated:

> This letter is to inform you that I am recovering from the cancer surgery that was performed on October 31, 2002.  I am now able to ride without pain from sitting and the risk of further complications.  This will allow me to reschedule for a hearing in January or February 2003.  Previously, I had to reschedule the hearing because of the necessary pre-surgical evaluations that had led up to the April and October surgeries.

OPINION

Section 6330(c) specifies the issues to be considered at the hearing requested by petitioners as follows:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> * * * * * * *
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Petitioners have not suggested any challenge to the underlying liability that they reported on their 1998 tax return.

Respondent objected to consideration of any testimony at trial or any evidence as to whether Ms. Pless qualifies for relief under section 6015(f) that was not presented during the telephonic hearing of September 7, 2001. The Court indicated that the testimony would be allowed. See Ewing v. Commissioner, 122 T.C. ___ (2004). Although Ms. Pless was present at trial of this case, she did not testify. No medical records were ever presented to respondent to corroborate Ms. Pless's claims about scheduling of medical appointments or hospitalization. Mr. Pless testified generally to financial difficulties arising from his chiropractic practice and medical bills for Ms. Pless. His testimony, however, failed to explain why petitioners could not attend a hearing at any time between August 2002 and January 2003 or the inconsistency between the letters sent prior to the notices of determination and the letter sent after the notices of

determination with respect to the multiple excuses for their inability to attend a hearing. Petitioners did not present any proposal for payment of the unpaid balance of their tax liability for 1998, other than an offer in Court that Ms. Pless would pay $500 toward the balance. Petitioners never supplied the financial information requested in the Appeals officer's letter of June 13, 2001.

Ms. Pless failed to present evidence that she would qualify for relief from joint and several liability or any evidence contradicting the tax auditor's findings, which were adopted by the Appeals officer. Her failure to file tax returns for years subsequent to 1998, as well as the factors considered by the tax auditor, are factors weighing against relief. See Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. 447, 449.

On consideration of the entire record, we conclude that petitioners were provided several opportunities for a hearing contemplated by section 6330, they failed to take advantage of that opportunity, and they engaged in dilatory conduct to postpone collection. Moreover, we conclude that, even if the evidence that they offered at trial of this case had been offered at a hearing, the determination would have been the same. Thus, we conclude that there was no abuse of discretion in denying Ms. Pless's claim for relief under section 6015(f) or in determining that the proposed collection action could proceed

pursuant to the notice of Federal tax lien with respect to petitioners' Federal income tax liability for 1998.

Decision will be entered

for respondent.