T.C. Summary Opinion 2004-30

UNITED STATES TAX COURT

JOHN WILLIAM HOLLIS, Petitioner, AND
TAMERA EVERETT, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18027-02S.          Filed March 15, 2004.

John William Hollis, pro se.

Tamera Everett, pro se.

Susan M. Pinner, for respondent.

COLVIN, Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect at the time the petition was filed.  The decision to be

_____

[1] Subsequent section references are to the Internal Revenue
Code as amended, and Rule references are to the Tax Court Rules
of Practice and Procedure.

entered is not reviewable by any court, and this opinion should not be cited as authority.

Respondent determined that petitioner is not entitled to relief from joint liability for tax under section 6015(b), (c), or (f) for 1999. Petitioner filed a petition under section 6015(e)(1) seeking review of respondent's determination. Petitioner's former wife (intervenor) filed a notice of intervention under Rule 325(b) and opposes such relief.

Petitioner prepared and petitioner and intervenor signed and filed a joint return for 1999 in which they correctly reported the amount of tax but overstated their Federal income tax withholding by $2,000. Respondent did not immediately discover the error and issued a $1,491 refund to petitioner and intervenor for 1999. Petitioner alone benefited from the refund.

The sole issue for decision is whether, under section 6015(b), (c), or (f), petitioner is entitled to relief from repaying the erroneous refund for 1999.[2] We hold that he is not.

---

[2] We derive this statement of petitioner's position from the petition. Petitioner also claims generally that he should be relieved from joint and several liability for 1999. However, he has presented no argument for relief from liability other than for the liability arising from the erroneous refund for 1999.

## Background

Some of the facts have been stipulated and are so found.

A.   Petitioner

Petitioner resided in Houston, Texas, when the petition was filed.  Petitioner is a mechanical design engineer, and intervenor is a registered nurse.  Petitioner and intervenor have two sons who were 18 years and 15 years old in 1999.

At the beginning of 1999, petitioner and intervenor lived in Midland, Texas.  Intervenor moved from the family home to an apartment in Midland on February 5, 1999.  She moved to Dallas, Texas, around July 1999.

B.   Petitioner's 1999 Return and Refund

In 1999, petitioner had wages of $45,097.18, of which $6,202.71 was withheld for Federal income tax, and intervenor had wages of $53,386.86, of which $9,669.36 was withheld for Federal income tax.

In the spring of 2000, petitioner prepared a joint Federal income tax return for 1999 for himself and intervenor.  When he prepared the return, petitioner had his Form W-2, Wage and Tax Statement, for 1999, and three Forms W-2 from hospitals in which intervenor had worked in 1999 that she had sent him.[3]  Petitioner

---

[3] We discuss petitioner's contrary contention below at paragraph D-2.

signed the joint tax return for 1999 and mailed it to intervenor with the four Forms W-2. Intervenor signed the return.

Petitioner and intervenor correctly reported their adjusted gross income of $98,484.04 on their 1999 joint return, and they attached all four of their Forms W-2 for 1999. Those Forms W-2 show that Federal income tax totaling $15,872.07 had been withheld from petitioner and intervenor in 1999. However, petitioner and intervenor reported on their 1999 return that $17,872.07 had been withheld, and that they were due a refund of $1,211.07. They asked that the refund be directly deposited in petitioner's bank account. Petitioner and intervenor had agreed that petitioner would receive two-thirds of the refund and intervenor would receive one-third.

Petitioner and intervenor received a $1,491 refund for 1999.[4] The refund was deposited in petitioner's bank account around May 20, 2000. Intervenor received no benefit from the refund. Respondent later discovered that petitioner and intervenor had overstated their withholding and notified them that they owed income tax and interest for 1999.

C.    Petitioner's Request for Relief From Joint Liability

On September 10, 2001, petitioner filed Form 8857, Request for Innocent Spouse Relief, seeking relief from joint liability

[4] The parties do not explain the difference in the amount of the refund claimed for 1999 and the amount that respondent paid.

for 1999.  In his request for relief, petitioner said that he had not seen intervenor's Forms W-2 for 1999.

D.   Petitioner's and Intervenor's Divorce Decree

Petitioner and intervenor were divorced on October 19, 2001. The divorce decree orders:

> IT IS ORDERED AND DECREED that the Petitioner [Tamera Everett] shall pay and maintain the following debts and obligations and shall indemnify and hold Respondent [John Hollis] harmless and Respondent's property harmless from any failure to so discharge such debts and obligations:
>
> *   *   *   *   *   *   *
>
> 3.   Any and all income tax due and owing by Petitioner for the years 1999 through 2001, and any and all income tax due and owing by the Petitioner as a result of Petitioner under reporting her earning for the year 1999. [Emphasis added.]

Intervenor's divorce attorney wrote by hand everything underlined in paragraph 3 in the presence of petitioner's divorce attorney and the judge presiding over the divorce.

The divorce decree also orders:

> IT IS ORDERED AND DECREED that Respondent [John Hollis] shall pay the following debts and obligations and shall indemnify and hold Petitioner [Tamera Everett] harmless and Petitioner's property harmless from any failure to so discharge such debts and obligations:
>
> *   *   *   *   *   *   *
>
> 3.   Any and all income tax due and owing by Respondent for the years 1999 through 2001.

On August 30, 2002, respondent issued a notice of determination to petitioner denying relief under section 6015.

In the notice of determination, respondent estimated that petitioner and intervenor owed $2,700 for 1999 (including penalties and interest) as of September 30, 2002.

## Discussion

### A. Contentions of the Parties

Petitioner contends that intervenor gave him incorrect withholding information that caused the erroneous refund and underpayment of tax for 1999, and that, under section 6015(b), (c), and (f), he should not be required to repay the erroneous refund for 1999.

Petitioner bears the burden of proving that he is entitled to relief from joint and several liability under section 6015. Rule 142(a)(1).[5]

### B. Whether Petitioner Is Entitled to Relief From Joint Liability Under Section 6015(b)

Petitioner contends that he is entitled to relief from joint liability under section 6015(b). We disagree. Relief from joint liability under section 6015(b) is available only if there is an "understatement" of tax. Sec. 6015(b)(1)(B) (flush language); Washington v. Commissioner, 120 T.C. 137, 146 (2003). Generally, an understatement is the amount of tax required to be shown on a return less the amount of tax actually shown on the return.

---

[5] Petitioner bears the burden of proof because he does not contend and has offered no evidence that the burden of proof shifts to respondent under sec. 7491(a).

Secs. 6015(b)(3), 6662(d)(2)(A); <u>Washington v. Commissioner</u>, <u>supra</u> at 146 n.5. In this case, there is no understatement of tax because the amount of tax required to be shown on the return is the amount shown on the return. Thus, petitioner is not entitled to relief under section 6015(b).

C.  <u>Whether Petitioner Is Entitled to Relief From Joint Liability Under Section 6015(c)</u>

Petitioner contends that he is entitled to relief from joint liability under section 6015(c). We disagree. Section 6015(c) provides relief from a tax liability resulting from a deficiency on a joint return for taxpayers who are divorced, legally separated, or otherwise living apart. There is no deficiency in this case because the amount of tax required to be shown on the return is the amount of tax shown on the return. See sec. 6211(a). Thus, petitioner is not entitled to relief from joint liability under section 6015(c). See <u>Washington v. Commissioner</u>, <u>supra</u> at 147.

D.  <u>Whether Petitioner Is Entitled to Relief From Joint Liability Under Section 6015(f)</u>

1.  <u>Relief Under Section 6015(f)</u>

Section 6015(e) gives this Court jurisdiction to determine whether a taxpayer is entitled to relief from joint liability under section 6015. As a result, a taxpayer is entitled to relief from joint liability under section 6015(f) if the Court determines that, taking into account all the facts and

circumstances, it is inequitable to hold the taxpayer liable for any unpaid tax or any deficiency and relief is not available under section 6015(b) or (c).  The Court reviews the Commissioner's denial of relief after a trial de novo under an abuse of discretion standard.  <u>Ewing v. Commissioner</u>, 122 T.C. ___ (2004).

Petitioner contends that he should be relieved from joint liability under section 6015(f), and thus he should not be required to repay the refund for 1999.  We disagree.

2.    <u>Factors Listed in Rev. Proc. 2000-15</u>

The Commissioner announced a list of factors in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448,[6] that the Commissioner will consider in determining whether to grant equitable relief under section 6015(f).

Rev. Proc. 2000-15, sec. 4.03(1), lists the following two facts, which if true, the Commissioner weighs in favor of granting relief:

1.    The taxpayer is separated or divorced from the nonrequesting spouse.  Petitioner and intervenor are divorced, and so this factor favors petitioner.

___

[6] Rev. Proc. 2003-61, 2003-32 I.R.B. 296, superseded Rev. Proc. 2000-15, 2000-1 C.B. 447, for requests for relief under sec. 6015(f) pending on Nov. 1, 2003, for which no preliminary determination letter had been issued as of Nov. 1, 2003, and for requests for relief filed on or after Nov. 1, 2003.  Thus, Rev. Proc. 2003-61, <u>supra</u>, does not apply in the instant case.

2.  The taxpayer was abused by his or her spouse. Petitioner claims that he suffered mental abuse because intervenor abandoned him and their children and because his credit was ruined after he filed for bankruptcy.  Petitioner's allegation of mental abuse is not persuasive.

Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, lists the following two facts, which if true, the Commissioner weighs against granting relief:

1.  The taxpayer received significant benefit from the unpaid liability or the item giving rise to the deficiency.[7] Petitioner received the refund, and so this factor favors respondent.

2.  The taxpayer has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates.  Respondent concedes that petitioner has complied with the tax law in years after 1999.  Rev. Proc. 2000-15, supra, lists tax compliance as a factor which the Commissioner will consider only against granting relief.  Thus, under Rev. Proc. 2000-15, supra, the tax compliance factor is neutral.

---

[7] On the basis of caselaw deciding whether it was equitable to relieve a taxpayer from joint liability under former sec. 6013(e)(1)(D), we consider the fact that a taxpayer did not significantly benefit from the unpaid liability or item giving rise to the deficiency as a factor in favor of granting relief to that taxpayer.  Ewing v. Commissioner, 122 T.C. ___ (2004).

Rev. Proc. 2000-15, sec. 4.03(1) and (2), lists the following four facts which, if true, the Commissioner weighs in favor of granting relief, and if not true, the Commissioner weighs against granting relief:

1.  The taxpayer would suffer economic hardship if relief is denied.  Petitioner claims that he will suffer economic hardship if relief is denied.  However, he offered no evidence to show that he would suffer hardship if relief were denied, and his claim is not plausible.  We conclude that this factor favors respondent.

2.  The liability for which relief is sought is attributable to the nonrequesting spouse.  Petitioner claims that intervenor gave him incorrect withholding amounts.  However, even though the record contains conflicting evidence, we are more persuaded by intervenor's testimony that intervenor had sent to petitioner her three Forms W-2 for 1999.[8]  Thus, we conclude that the computational error was petitioner's.

3.  In a case (such as this case) in which a liability was properly reported but not paid, the taxpayer did not know and had

_____

[8] Petitioner disputes this fact.  However, intervenor's testimony on this point was very specific and consistent. Petitioner first testified that intervenor had given him erroneous figures and had not given him her Forms W-2, but he later testified that he did not remember.  We find intervenor's testimony to be more credible and have made factual findings accordingly.

no reason to know that the liability would not be paid. Neither petitioner nor intervenor knew they were not entitled to a refund for 1999 until they received notice from respondent. Despite the conflict in the evidence, it appears that petitioner had the four Forms W-2 that were filed with the return, and so he had reason to know that the amount reported withheld was in error. We conclude that petitioner had reason to know of the underpayment, and that this factor favors respondent.

4. The nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability (weighs against relief only if the requesting spouse has the obligation). Petitioner contends that the handwritten portion of the divorce decree establishes that intervenor is obligated to repay the erroneous refund. We disagree. The handwritten portion of the divorce decree states that intervenor is liable for income tax that she owed "as a result of * * * [intervenor] under reporting her earning for the year 1999." That clause has no effect here because nothing in the record suggests petitioner and intervenor did not fully report intervenor's 1999 income.

We conclude that this factor is neutral.

Other than marital status, all factors listed in Rev. Proc. 2000-15, supra, weigh against relief or are neutral.

3.  Other Facts and Circumstances

Section 6015(f) provides, inter alia, that, taking into account all of the facts and circumstances, the Commissioner may relieve an individual of joint liability for tax.  Rev. Proc. 2000-15, sec. 4.03, states:

> No single factor will be determinative of whether equitable relief will or will not be granted in any particular case.  Rather, all factors will be considered and weighed appropriately.  The list is not intended to be exhaustive.

No matter who made the error on their return (petitioner or intervenor), respondent concedes that the error was inadvertent. We do not believe that an underpayment resulting from an inadvertent computational error is an appropriate case for relief from joint liability under section 6015(f).

4.  Conclusion

Considering all the facts and circumstances, we hold that it is not inequitable to hold petitioner liable for the unpaid tax (i.e., resulting from the erroneous withholding amount and the resulting erroneous refund) for 1999.  We determine that respondent's denial of relief under section 6015(f) was not an abuse of discretion and that, on the basis of all the facts and circumstances, it would not be inequitable to hold petitioner liable for the underpayment of tax for 1999.

Decision will be

entered for respondent.