T.C. Memo. 2009-281

UNITED STATES TAX COURT

JOHN MALUDA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26429-07.                    Filed December 7, 2009.

<u>Harvey R. Poe</u>, for petitioner.

<u>Joseph J. Boylan</u>, for respondent.


MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner,
pursuant to section 6015,[1] is entitled to innocent spouse relief

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

with respect to his 1998, 1999, 2000, 2001, and 2002 (years in issue) Federal income tax liabilities. The parties submitted this case fully stipulated pursuant to Rule 122.

## Background

Petitioner and Cathy Maluda (Ms. Maluda), both high school graduates, were married on June 11, 1994. During the years in issue, petitioner operated a Snap-On Tool dealership as a sole proprietor, Ms. Maluda was an unemployed homemaker, and the Maludas held joint checking and savings accounts at Valley National Bank.

The Maludas' joint Federal income tax returns relating to the years in issue were prepared by Jay Rodaman. The prepared returns, however, were not filed with the Internal Revenue Service. On December 29, 2004, the Maludas untimely filed joint Federal income tax returns relating to 1999, 2000, 2001, and 2002. On May 31, 2005, the Maludas filed a joint amended Federal income tax return relating to 2000. On February 12, 2007, the Maludas untimely filed a joint Federal income tax return relating to 1998. The Maludas reported, but failed to pay, tax liabilities on each filed return.

On June 26, 2006, the Maludas began to live in separate households. On December 22, 2006, Ms. Maluda filed for divorce, asserting that the marriage was irretrievably broken and that

petitioner had endangered her life. On May 8, 2007, respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, in which petitioner requested relief pursuant to section 6015(f) and asserted that it would be inequitable to hold him liable for any unpaid tax because "Cathy removed sums of money from [his] joint bank account with Cathy which she purportedly used to pay the Service". On October 24, 2007, in a final determination letter relating to 1998, 1999, and 2001 and a final determination letter relating to 2000 and 2002, respondent informed petitioner that he was not entitled to section 6015(f) relief. The stated justification for the denial of relief was that "relief is not allowed on tax you owe on your own income".

On November 16, 2007, petitioner, while residing in Pennsylvania, filed his petition with this Court. Respondent, on December 28, 2007, notified Ms. Maluda that petitioner was seeking relief from joint and several liability relating to the years in issue and that she had a right to intervene. On September 8, 2008, the date the parties submitted the case fully stipulated, the Maludas' divorce was not yet final.

## Discussion

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Each spouse filing the return generally is jointly and severally liable for the accuracy of the

return and the entire tax due.  Sec. 6013(d)(3).  Pursuant to section 6015(a), however, a taxpayer may seek relief from joint liability.

Petitioner contends that, pursuant to section 6015(f), he is entitled to relief from liability for the years at issue. Petitioner further contends that funds designated for payment of the tax liabilities relating to the years in issue were misappropriated by Ms. Maluda for her own benefit and that he had no control over his income after giving it to Ms. Maluda. Respondent contends that the tax liabilities related to the years in issue are attributable solely to petitioner's income, and, consequently, petitioner is not eligible for equitable relief.

Section 6015(f) provides that the Commissioner is authorized to grant relief from joint and several liability if the facts and circumstances indicate that it would be inequitable to hold the requesting spouse liable for any unpaid tax.  Additionally, relief pursuant to section 6015(b) or (c) must not be available to the taxpayer.  In reviewing respondent's determination, we apply a de novo standard of review as well as a de novo scope of review.  See Porter v. Commissioner, 132 T.C. __, __ (2009) (slip op. at 11-12).  Petitioner bears the burden of proving he is entitled to equitable relief pursuant to section 6015(f).  See Rule 142(a); Porter v. Commissioner, supra.

Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297,[2] sets forth threshold conditions that must be satisfied before the Commissioner may consider granting section 6015(f) equitable relief.[3] Of those conditions, respondent challenges whether the liability from which petitioner seeks relief is attributable to an item of the nonrequesting spouse. This requirement is met if petitioner can establish that he did not know, and had no reason to know, that Ms. Maluda misappropriated, for her benefit, funds intended for the payment of tax (misappropriation exception) or if petitioner can rebut the presumption that his earnings are attributable to him (nominal ownership exception). Id. sec. 4.01(7), 2003-2 C.B. at 297.

We agree with petitioner that respondent inappropriately denied the requested relief solely because the liability was attributable to petitioner's income. Indeed, respondent failed

---

[2] We note that Rev. Proc. 2003-61, 2003-2 C.B. 296, superseded Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2003-61, supra, is effective for requests for relief pursuant to sec. 6015(f) which were filed on or after Nov. 1, 2003, and for requests for such relief which were pending on, and for which no preliminary determination letter had been issued as of, that date. Id. sec. 7, 2003-2 C.B. at 299.

[3] In Lantz v. Commissioner, 132 T.C. __, __ (2009) (slip op. at 33), we held that the 2-year requirement of sec. 1.6015-5(b)(1), Income Tax Regs. is an invalid interpretation of sec. 6015. Accordingly, the 2-year requirement is not applicable to petitioner's request for relief.

to consider the misappropriation exception or the nominal ownership exception. We engage in a de novo review to determine whether petitioner qualifies for section 6015 relief. Petitioner, who has the burden of proof, agreed with respondent, however, to submit this case fully stipulated despite the fact that there were critical factual issues in dispute. The parties have stipulated returns that were filed, petitioner's request for relief, respondent's evaluations prepared by respondent's examiners, and the final determination letters. The stipulation establishes various factual issues, but simply does not establish that Ms. Maluda misappropriated funds intended for tax payments or that petitioner's earnings from his sole proprietorship are not attributable to him. For example, the parties stipulated that bank records relating to the Maludas' joint savings account were fabricated, yet failed to stipulate who fabricated these records or whether the fabrication was used to deceive petitioner. The parties also stipulated that certain payments were made to credit card companies, yet there is no evidence illuminating how such payments bolster petitioner's contention. Accordingly, petitioner has failed to establish that he is entitled to equitable relief pursuant to section 6015(f).

Contentions we have not addressed are irrelevant, moot, or meritless.

<u>Decision will be entered for</u> <u>respondent</u>.