T.C. Memo. 2013-218

UNITED STATES TAX COURT

ELLA WALLACE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25022-10.                           Filed September 16, 2013.

Jeffrey D. Moffatt, for petitioner.

Fred E. Green, Jr., for respondent.

MEMORANDUM OPINION

COHEN, Judge: This case was commenced in response to a final Appeals determination denying relief for 2007 under section 6015(f). The issue for decision is whether petitioner is entitled to relief under section 6015(f). All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                Background

All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference.  Petitioner resided in Texas at the time her petition was filed.  At all material times, petitioner was married to and living with Ronald Wallace.

Wallace operated a family business known as American Haulers, an S corporation.  He became ill in 2005.  Thereafter Perry Wilbanks, who died in 2009, operated the business.  During Wilbanks' operation of the business, unpaid bills and debts accumulated.  Petitioner was aware that Wallace faced financial difficulties as a result of the accumulated debts and his continuing poor health.

Petitioner and Wallace filed a joint Federal income tax return for 2007.  The return reported, inter alia, $75,680 in business income from an oilfield service proprietorship known as Wallace Tools, income from rents, a loss from farming, and no income from American Haulers.  The return showed a total tax of $7,881, but the amount due was not paid when the return was filed.  That amount and related penalties and interest were duly assessed.

On September 29, 2009, petitioner filed a Form 8857, Request for Innocent Spouse Relief, seeking relief under section 6015 for 2006, 2007, and 2008.  In response to questions on the Form 8857, petitioner admitted knowledge that

**[\*3]** Wallace had no income at the time the 2007 return was filed. The Form 8857, signed by petitioner's counsel under a power of attorney, represented that Wallace was on his "deathbed". At the time the Form 8857 was submitted, there was no balance owing for 2006 and no return had been filed for 2008. The Appeals Office did not consider the claim for 2006 because there was no balance due and did not consider the claim for 2008 because the 2008 return had not been filed when the Form 8857 was submitted. Petitioner and Wallace did not file a joint return for 2008 before October 15, 2009.

The information petitioner submitted through her counsel to the Appeals Office in support of her request for relief consisted primarily of information concerning Wallace's health. The only submitted financial information reported that American Haulers was out of business; no personal financial information concerning income, assets, expenses, or liabilities was submitted.

On October 15, 2010, the final Appeals determination for 2007 was sent to petitioner, denying the requested relief. Having considered all relevant factors specified in applicable regulations, the Appeals Office determined:

> The information we have available does not show you meet the requirements for relief. You did not show it would be unfair to hold you responsible. You did not establish to be held liable would cause you an economic hardship. You did not establish you had a belief the

[*4] tax due would be paid since you weren't aware of the tax balance. You are still married and living with your spouse.

After the petition in this case was filed, petitioner's request was reevaluated under new guidelines set forth in Notice 2012-8, 2012-4 I.R.B. 309. The Appeals Office requested updated financial information, but none was provided. Again considering all relevant factors, the Appeals Office concluded that there should be no change in the prior determination. As of the time of the reevaluation, on April 16, 2012, petitioner had not filed a 2010 tax return.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making this election, each spouse generally is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). A requesting spouse, however, may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). Sec. 6015(a). If relief is not available under section 6015(b) or (c), a requesting spouse may seek equitable relief under section 6015(f). Because this case involves failure to pay tax shown on a return, rather than a deficiency, petitioner is not entitled to relief under

[*5] section 6015(b) or (c). See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003).

Section 6015(f) provides that the Commissioner may grant equitable relief from joint and several liability if, taking into account all of the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency. In cases brought under section 6015(f), the Court applies a de novo standard of review as well as a de novo scope of review. See Porter v. Commissioner, 132 T.C. 203, 208 (2009). Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f). See Rule 142(a).

Petitioner did not appear at trial, and the parties submitted the case fully stipulated under Rule 122. Her counsel represented that Wallace's continuing illness prevented petitioner's appearance. Respondent did not object to an affidavit signed by petitioner, and it was received in evidence. That affidavit, however, addressed only Wallace's poor health, Wilbanks' mismanagement of American Haulers, and Wilbanks' death. Petitioner acknowledges that "our personal income during this time was from Wallace Tool[s]." The affidavit did not address the material issues, to wit, whether petitioner knew or should have known that the tax reported on the 2007 return would not be paid, whether she

**[*6]** would suffer financial hardship if required to pay it, and whether it would be inequitable to hold her liable for the unpaid balance.

In evaluating petitioner's entitlement to relief, we consider all facts and circumstances, generally applying factors set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296, superseding Rev. Proc. 2000-15, 2000-1 C.B. 447. Among the factors to be considered are whether the requesting spouse would suffer economic hardship if not granted relief; whether, at the time he or she signed the joint return, the requesting spouse knew or had reason to know that the nonrequesting spouse would not pay the income tax liability; and whether the requesting spouse has made a good-faith effort to comply with the Federal income tax laws for the taxable years following the taxable year or years to which the request for relief relates. See Haggerty v. Commissioner, T.C. Memo. 2011-284, slip. op. at 10-14, aff'd, 505 Fed. Appx. 335 (5th Cir. 2013).

(Although streamlined procedures have been proposed by Notice 2012-8, supra, economic hardship and knowledge are still factors to be considered under the proposal. See Cutler v. Commissioner, T.C. Memo. 2013-119, at *22-*23. Reconsideration of petitioner's request during the pendency of this case is immaterial to the result).

**[\*7]** In case of failure to pay the tax shown on a return, the knowledge or reason to know factor addresses "whether the requesting spouse did not know and had no reason to know that the nonrequesting spouse would not pay the income tax liability." Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(A), 2003-2 C.B. at 298. As the Appeals Office determined, petitioner asserted that Wallace had no income when she signed the return. She also was well aware of Wallace's health issues and had no reason to believe that the tax would be paid. There is no evidence in the record satisfying petitioner's burden under this factor.

Similarly, there is no reliable evidence of financial hardship if relief is denied. This factor addresses whether payment of the liability will prevent petitioner from paying her reasonable basic living expenses. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii) (incorporating section 301.6343-1(b)(4)(i) and (ii), Proced. & Admin. Regs.). An analysis of economic hardship requires information from petitioner concerning her income, assets and liabilities, responsibility for dependents, the amount reasonably necessary for basic living expenses, and the allowable living expenses for her geographic area. That information cannot be found in this record.

There is neither reason nor authority to override the Appeals determination that petitioner is not entitled to relief under section 6015(f) for 2007. Neither

**[*8]** 2006 nor 2008 is before the Court. We have considered the other arguments of the parties, but they are irrelevant, unsupported by the record or by authority, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.